**Juan Gilberto GARZA, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 13–02–00378–CR.

Court of Appeals of Texas,
Corpus Christi–Edinburg.

Jan. 15, 2004.

Philip Thomas Cowen, Brownsville, for appellant.

Yolanda De Leon, Dist. Atty., Brownsville, for appellee.

Before Justices HINOJOSA, YAÑEZ, and CASTILLO.

**OPINION**

Opinion by Justice HINOJOSA.

Pursuant to a plea agreement, appellant, Juan Gilberto Garza, pleaded guilty on April 12, 2002, to the offense of burglary of a building. The trial court found him guilty and, in accordance with the plea agreement, assessed appellant's punishment at two years confinement in a state jail facility, suspended the sentence, and placed him on community supervision for five years.

On September 3, 2002, appellant's attorney filed a brief with this Court asserting there is no basis for appeal. *See Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). According to the brief, counsel has reviewed the clerk's record and reporter's record and has concluded that appellant's appeal is frivolous and without merit. *See Anders v. California*, 386 U.S. 738, 744, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). The brief meets the requirements of *Anders* as it presents a professional evaluation showing why there are no arguable grounds for advancing an appeal. *See Stafford v. State*, 813 S.W.2d 503, 510 n. 3 (Tex.Crim.App.1991). In compliance with *High v. State*, 573 S.W.2d 807, 813 (Tex.Crim.App.1978), counsel has carefully discussed why, under the controlling authorities, there are no errors in the trial court's judgment.

After reviewing counsel's brief, we noted it did not show that counsel had sent a copy of the brief to appellant, nor did it show that counsel had informed appellant he believed the appeal was frivolous and without merit. *See Johnson v. State*, 885 S.W.2d 641, 645 (Tex.App.-Waco 1994, pet. ref'd). On May 15, 2003, we abated this appeal to allow counsel to send appellant a copy of counsel's brief and to notify appellant of his right to review the record and to file a pro se brief. If appellant wished to file a pro se brief, it was to be filed on or before June 26, 2003. We ordered counsel to provide this Court with a written copy of such notification on or before May 26, 2003. Appellant's counsel has certified that he mailed a copy of the brief to appellant on May 22, 2003, and that he informed appellant of his right to examine

the appellate record and to file a pro se brief. No such brief has been filed.

The 2003 amendments to the Texas Rules of Appellate Procedure require the trial court to certify a defendant's right of appeal. *See* TEX.R.APP. P. 25.2(a)(2). On July 22, 2003, we abated this appeal to give the trial court an opportunity to file the certification order. We received the trial court's certification order on August 13, 2003. *See* TEX.R.APP. P. 25.2(d). The certification order states that this "is a plea-bargain case, and the defendant has NO right of appeal."

Upon receiving a "frivolous appeal" brief, the appellate courts must conduct "a full examination of all the proceedings to decide whether the case is wholly frivolous." *Penson v. Ohio,* 488 U.S. 75, 80, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988). We have carefully reviewed the appellate record and counsel's brief. The record shows that appellant waived his right to appeal by written waiver. We find nothing in the record that might arguably support this appeal.

We dismiss this appeal.