Forselli v. SOT















NUMBER 13-02-00176-CR

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI – EDINBURG
                                                                                                                      

NICOLE FORSELLI,                                                                     Appellant,

v.

THE STATE OF TEXAS,                                                                Appellee.
                                                                                                                      

On appeal from the 319th District Court of Nueces County, Texas.
                                                                                                                      

MEMORANDUM OPINION

Before Justices Hinojosa, Yañez, and Castillo
Memorandum Opinion by Justice Hinojosa

          Pursuant to a plea agreement, appellant, Nicole Forselli, pleaded guilty on March 
6, 2002, to the offense of possession of heroin. The trial court found her guilty and in
accordance with the plea agreement: (1) assessed appellant’s punishment at two years
confinement in a state jail facility and a $500 fine, (2) suspended the jail sentence, and (3)
placed her on community supervision for five years. The trial court has certified that this
“is a plea-bargain case, and the defendant has NO right of appeal.” See Tex. R. App. P.
25.2(d).
A. Appellant’s Appeal
          On May 30, 2003, appellant’s attorney filed a brief with this Court asserting that
there is no basis for appeal. See Anders v. California, 386 U.S. 738, 744 (1967). 
According to the brief, counsel has reviewed the clerk’s record and reporter’s record and
has concluded that appellant’s appeal is frivolous and without merit. See id. The brief
meets the requirements of Anders as it presents a professional evaluation showing why
there are no arguable grounds for advancing an appeal. See Stafford v. State, 813 S.W.2d
503, 510 n.3 (Tex. Crim. App. 1991). In compliance with High v. State, 573 S.W.2d 807,
813 (Tex. Crim. App. 1978), counsel has carefully discussed why, under the controlling
authorities, there are no errors in the trial court’s judgment.
          After reviewing counsel’s brief, we noted it did not show that counsel had informed
appellant that: (1) she had the right to file a brief on her own behalf and (2) she had the
right to review the record to determine what points to raise in a pro se brief. See Johnson
v. State, 885 S.W.2d 641, 646 (Tex. App.–Waco 1994, pet. ref’d). On November 24, 2003,
we abated this appeal to allow counsel to notify appellant of her right to review the record
and file a pro se brief, if she so desired. If appellant wished to file a pro se brief, it was to
be filed on or before January 5, 2004. We ordered counsel to provide this Court with a
written copy of such notification on or before December 4, 2003. Appellant’s counsel has
certified that on December 11, 2003, he informed appellant of her right to examine the
appellate record and to file a pro se brief. No such brief has been filed.
          Upon receiving a “frivolous appeal” brief, the appellate courts must conduct “a full
examination of all the proceedings to decide whether the case is wholly frivolous.” Penson
v. Ohio, 488 U.S. 75, 80 (1988); see Garza v. State, 126 S.W.3d 312, 313 (Tex.
App.–Corpus Christi 2004, no pet.). We have carefully reviewed the appellate record and
counsel’s brief. We find nothing in the record that might arguably support this appeal.
          Accordingly, we dismiss this appeal.
B. Anders Counsel
          An appellate court may grant counsel’s motion to withdraw filed in connection with
an Anders brief. Moore v. State, 466 S.W.2d 289, 291 n.1 (Tex. Crim. App. 1971); see
Stafford v. State, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991) (noting that Anders brief
should be filed with request for withdrawal from case). We note that counsel has not filed
a motion to withdraw in this case. If counsel wishes to file a motion to withdraw, he must
file the motion no later than fifteen days from the date of this opinion.
          We order counsel to advise appellant promptly of the disposition of this case and
the availability of discretionary review. See Ex parte Wilson, 956 S.W.2d 25, 27 (Tex. 
Crim. App. 1997).


                                                                           FEDERICO G. HINOJOSA
                                                                           Justice

Do not publish. See Tex. R. App. P. 47.2(b).

Memorandum Opinion delivered and filed
this the 17th day of June, 2004.