Banda v. SOT

















NUMBERS 13-03-00008-CR
                                                        13-03-00009-CR

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI – EDINBURG
                                                                                                                       

LUIS BANDA, JR. A/K/A LOUIS BANDA, JR.,                            Appellant,

v.

THE STATE OF TEXAS,                                                                Appellee.
                                                                                                                       

On appeal from the 156th District Court of Bee County, Texas.
                                                                                                                       

MEMORANDUM OPINION

Before Chief Justice Valdez and Justices Hinojosa and Castillo
Memorandum Opinion by Justice Hinojosa

          Pursuant to a plea agreement, appellant, Luis Banda, Jr. a/k/a Louis Banda, Jr.,
pleaded guilty: (1) in cause number 13-03-00008-CR


 to two counts of delivery of less than
one gram of a controlled substance,


 and (2) in cause number 13-03-00009-CR


 to one
count of delivery of more than one gram but less than four grams of a controlled
substance.


 The trial court found appellant guilty in both cases and, in accordance with the
plea agreement, assessed his punishment at eighteen months confinement in a state jail
facility in cause number 13-03-00008-CR and ten years imprisonment in cause number 13-03-00009-CR, with the sentences running concurrently. The trial court has certified that
this “is a plea-bargain case, and the defendant has NO right of appeal.” See Tex. R. App.
P. 25.2(d).
A. Anders Brief 
          On March 24, 2003, appellant’s attorney filed a brief with this Court asserting there
is no basis for appeal. See Anders v. California, 386 U.S. 738 (1967). According to the
brief, counsel has reviewed the clerk’s record and reporter’s record and has concluded that
appellant’s appeal is frivolous and without merit. See id. The brief meets the requirements
of Anders as it presents a professional evaluation showing why there are no arguable
grounds for advancing an appeal. See Stafford v. State, 813 S.W.2d 503, 510 n.3 (Tex.
Crim. App. 1991). In compliance with High v. State, 573 S.W.2d 807, 813 (Tex. Crim. App.
1978), counsel has carefully discussed why, under the controlling authorities, there are no
errors in the trial court’s judgment.
          After reviewing counsel’s brief, we noted it did not show that counsel had informed
appellant that: (1) he had the right to file a brief on his own behalf and (2) he had the right
to review the record to determine what points to raise in a pro se brief. See Johnson v.
State, 885 S.W.2d 641, 645 (Tex. App.–Waco 1994, pet. ref’d). On November 20, 2003,
we abated this appeal to allow counsel to notify appellant of his right to review the record
and file a pro se brief, if he so desired. If appellant wished to file a pro se brief, it was to
be filed on or before January 5, 2004. We ordered counsel to provide this Court with a
written copy of such notification on or before December 1, 2003. Appellant’s counsel has
certified that on November 24, 2003, he informed appellant of his right to examine the
appellate record and to file a pro se brief. No such brief has been filed.
          Upon receiving a “frivolous appeal” brief, the appellate courts must conduct “a full
examination of all the proceedings to decide whether the case is wholly frivolous.” Penson
v. Ohio, 488 U.S. 75, 80 (1988); see Garza v. State, 126 S.W.3d 312, 313 (Tex.
App.–Corpus Christi 2004, no pet.). We have carefully reviewed the appellate record and
counsel’s brief. The record shows that appellant waived his right to appeal by written
waiver. We find nothing in the record that might arguably support this appeal.
          Accordingly, we dismiss this appeal.
B. Motion to Withdraw
          An appellate court may grant counsel’s motion to withdraw filed in connection with
an Anders brief. Moore v. State, 466 S.W.2d 289, 291 n.1 (Tex. Crim. App. 1971); see
Stafford, 813 S.W.2d at 511 (noting that Anders brief should be filed with request for
withdrawal from case). We note that counsel has not filed a motion to withdraw in this
case. If counsel wishes to file a motion to withdraw, he must file the motion no later than
fifteen days from the date of this opinion.
          We order counsel to advise appellant promptly of the disposition of this case and
the availability of discretionary review. See Ex parte Wilson, 956 S.W.2d 25, 27 (Tex. 
Crim. App. 1997).
 
                                                                           FEDERICO G. HINOJOSA
                                                                           Justice


Do not publish. See Tex. R. App. P. 47.2(b).

Memorandum Opinion delivered and filed this the
22nd day of July, 2004.