Kaderly v. SOT















NUMBER 13-03-00440-CR

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI – EDINBURG
                                                                                                                       

JOHN KADERLY,                                                                         Appellant,
A\K\A JOHN W. KADERLY, JR.,

v.

THE STATE OF TEXAS,                                                                Appellee.
                                                                                                                       

On appeal from the 117th District Court of Nueces County, Texas.
                                                                                                                       

MEMORANDUM OPINION

Before Chief Justice Valdez and Justices Hinojosa and Castillo
Memorandum Opinion by Justice Hinojosa

          A jury found appellant, John Kaderly, guilty of the offense of burglary of a habitation
with intent to commit theft.


 After he pleaded true to the enhancement paragraphs in the
indictment alleging two prior felony convictions, the trial court assessed appellant’s
punishment at forty years imprisonment. The trial court has certified that this case “is not
a plea-bargain case, and the defendant has the right of appeal.” See Tex. R. App. P.
25.2(a)(2). 
A. Anders Brief
          Appellant’s court-appointed attorney has filed an Anders brief, asserting there is no
basis for this appeal. See Anders v. California, 386 U.S. 738, 744 (1967). In the brief,
counsel states that he has reviewed the clerk’s record and reporter’s record and has
concluded that this appeal is frivolous and without merit. See id. The brief meets the
requirements of Anders as it presents a professional evaluation showing why there are no
arguable grounds for advancing an appeal. See Stafford v. State, 813 S.W.2d 503, 510
n.3 (Tex. Crim. App. 1991). In compliance with High v. State, 573 S.W.2d 807, 813 (Tex.
Crim. App. [Panel Op.] 1978), counsel has carefully discussed why, under the controlling
authorities, there are no errors in the trial court’s judgment. In the brief, appellant’s counsel
certifies that he has informed appellant of his right to review the appellate record and to file
a pro se brief. 
B. Appellant’s Pro Se Brief
          On April 12, 2004, appellant filed a pro se brief. In the brief, appellant contends he
was denied due process and a fair trial. However, appellant’s brief does not contain
specific references to the record and does not cite any authorities supporting his
contentions. In accordance with rule 38.1(h) of the Texas Rules of Appellate Procedure,
we only consider contentions that are supported by clear and concise arguments with
appropriate citations to authorities and to the record. Tex. R. App. P. 38.1(h). Because
appellant’s contentions are inadequately briefed, we will not consider them on appeal.
C. Independent Review of Record
          Upon receiving a “frivolous appeal” brief, the appellate courts must conduct “a full
examination of all the proceedings to decide whether the case is wholly frivolous.” Penson
v. Ohio, 488 U.S. 75, 80 (1988); see Garza v. State, 126 S.W.3d 312, 313 (Tex.
App.–Corpus Christi 2004, no pet.). We have carefully reviewed the appellate record,
counsel’s brief, and appellant’s pro se brief. We find nothing in the record that might
arguably support this appeal. Accordingly, we affirm this appeal. 
D. Anders Counsel
          In accordance with Anders, counsel has asked permission to withdraw as counsel
for appellant. See Anders, 386 U.S. at 744. An appellate court may grant a counsel’s
motion to withdraw filed in connection with an Anders brief. Moore v. State, 466 S.W.2d
289, 291 n.1 (Tex. Crim. App. 1971); see Stafford, 813 S.W.2d at 511 (noting that Anders
brief should be filed with request for withdrawal from case). We grant counsel’s motion to
withdraw.
          We order counsel to advise appellant promptly of the disposition of this case and
the availability of discretionary review. See Ex parte Wilson, 956 S.W.2d 25, 27 (Tex.
Crim. App. 1997) (per curiam).
                                                                           FEDERICO G. HINOJOSA
                                                                           Justice


Do not publish. See Tex. R. App. P. 47.2(b).

Memorandum Opinion delivered and filed this the
5th day of August, 2004.