NUMBER 13-03-599-CR

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI - EDINBURG 
                                                                                                                      

LORENZO CISNEROS,                                                               Appellant,

v.

THE STATE OF TEXAS,                                                             Appellee.
                                                                                                                                      

On appeal from the 319th District Court of Nueces County, Texas.
                                                                                                                      

MEMORANDUM OPINION

Before Justices Yañez, Rodriguez, and Garza
Memorandum Opinion by Justice Yañez
 
          On September 23, 2002, appellant, Lorenzo Cisneros, pled guilty to possession of
a controlled substance. The trial court assessed punishment at ten years’ confinement,
suspended appellant’s confinement, and placed appellant on community supervision for
seven years. 
          On September 6, 2003, appellant was arrested for driving while intoxicated. 
Appellant also admitted to his community supervision officer that he consumed alcohol
while on community supervision, and stayed out past his curfew on two separate occasions
in violation of his community supervision. On September 9, 2003, the State filed a motion
to revoke appellant’s community supervision because of the violations. 
          Pursuant to a plea agreement,


 appellant pled true to violating his community
supervision. On September 30, 2003, at the revocation hearing, appellant was informed
by the trial judge that the State’s recommendation regarding punishment was not binding
on the trial court. See Gutierrez v. State, 108 S.W.3d 304 (Tex. Crim. App. 2003). At the
conclusion of the revocation hearing, the trial court revoked appellant’s community
supervision and sentenced him to ten years’ imprisonment. 
          The record contains the trial court’s certification that this case is not a plea-bargain
case and the defendant has the right of appeal. See Tex. R. App. P. 25.2(a)(2).
A. Anders Brief
          Appellant’s attorney has filed a brief with this Court asserting there is no basis for
appeal. See Anders v. California, 386 U.S. 738 (1967). According to the brief, counsel
has reviewed the clerk’s record and reporter’s record and has concluded that appellant’s
appeal is frivolous and without merit. See id. The brief meets the requirements of Anders
as it presents a professional evaluation showing why there are no arguable grounds for
advancing an appeal. See Stafford v. State, 813 S.W.2d 503, 510 n.3 (Tex. Crim. App.
1991). In compliance with High v. State, 573 S.W.2d 807, 813 (Tex. Crim. App. 1978),
counsel has carefully discussed why, under controlling authority, there are no errors in the
trial court’s judgment. In the brief, appellant’s counsel states that she has informed
appellant of his right to review the appellate record and to file a pro se brief. No such brief
has been filed.
          Upon receiving a “frivolous appeal” brief, the appellate courts must conduct “a full
examination of all the proceedings to decide whether the case is wholly frivolous.” Penson
v. Ohio, 488 U.S. 75, 80 (1988); see Garza v. State, 126 S.W.3d 312, 313 (Tex.
App.–Corpus Christi 2004, no pet.). We have carefully reviewed the appellate record and
counsel’s brief. We find nothing in the record that might arguably support this appeal. We
agree with appellant’s counsel that the appeal is wholly frivolous and without merit.
          The trial court’s judgment is affirmed.
B. Motion to Withdraw
          Additionally, counsel has requested to withdraw from further representation of
appellant on this appeal. An appellate court may grant counsel's motion to withdraw filed
in connection with an Anders brief. Moore v. State, 466 S.W.2d 289, 291 n.1 (Tex. Crim.
App. 1971); see Stafford, 813 S.W.2d at 511. We grant counsel's motion to withdraw and
order her to notify appellant of the disposition of his appeal and of the availability of
discretionary review. See Ex parte Wilson, 956 S.W.2d 25, 27 (Tex. Crim. App. 1997) (per
curiam).
                                                                                                                      
                                                               LINDA REYNA YAÑEZ
                                                                           Justice


Do not publish. Tex. R. App. P. 47.2(b).
Memorandum opinion delivered and filed this the
19th day of August, 2004.