NUMBER 13-03-00573-CR

 

                         COURT OF APPEALS

 

                     THIRTEENTH
DISTRICT OF TEXAS

 

                         CORPUS
CHRISTI B EDINBURG

 

NANCY LOPEZ ELEVARIO,                                                             Appellant,

 

                                                             v.

 

THE STATE OF TEXAS,                                                                    Appellee.

 

   On appeal from the 138th District Court of Cameron County,
Texas.

 

                       MEMORANDUM OPINION

 

    Before Chief Justice Valdez and Justices Hinojosa and
Rodriguez 

                         Memorandum
Opinion by Justice Hinojosa

 

On October 13, 1997, appellant, Nancy Lopez
Elevario, pleaded guilty to the offense of delivery of more than five but less
than fifty pounds of marihuana.  The
trial court sentenced appellant to ten years=
imprisonment, suspended the sentence, and placed her on community supervision
for ten years.     








On November 13, 1998, the State filed a motion to
revoke appellant=s community supervision.  Appellant pleaded Atrue@ to all of the State=s
allegations.  After hearing and
considering the motion and evidence, the trial court (1) found that appellant
had violated the conditions of her community supervision, (2) revoked her
community supervision, and (3) assessed her punishment at ten years= imprisonment. 
The trial court has certified that this is not plea-bargain case, and Athe defendant has the right of appeal.@  See Tex. R. App. P. 25.2(a)(2).  

A.  Anders Brief

Appellant=s court-appointed attorney has filed an Anders
brief asserting there is no basis for this appeal.  See Anders v. California, 386 U.S.
738, 744 (1967).  In the brief, counsel
states that he has reviewed the clerk=s record and reporter=s
record and has concluded that this appeal is frivolous and without merit.  See id.  The brief meets the requirements of Anders
as it presents a professional evaluation showing why there are no arguable
grounds for advancing an appeal.  See
Stafford v. State, 813 S.W.2d 503, 510 n.3 (Tex. Crim. App. 1991).  In compliance with High v. State, 573
S.W.2d 807, 813 (Tex. Crim. App. [Panel Op.] 1978), counsel has carefully
discussed why, under the controlling authorities, there are no errors in the
trial court=s judgment. 
In the brief, appellant=s counsel certifies that he has informed appellant
of her right to review the appellate record and to file a pro se brief.  No such brief has been filed. 

                                         B.  Independent
Review of Record








Upon receiving a Afrivolous
appeal@ brief, the appellate courts must conduct Aa full examination of all the proceedings to decide
whether the case is wholly frivolous.@  Penson v.
Ohio, 488 U.S. 75, 80 (1988); see Garza v. State, 126 S.W.3d 312,
313 (Tex. App.BCorpus Christi 2004, no pet.).  We have carefully reviewed the appellate
record and counsel=s brief.  We
find nothing in the record that might arguably support this appeal.  Accordingly, we affirm the trial court=s judgment.       


                                                        C.  Anders Counsel

An appellate court may grant counsel's motion to
withdraw filed in connection with an Anders brief.  Moore v. State, 466 S.W.2d 289, 291
n.1 (Tex. Crim. App. 1971); see Stafford, 813 S.W.2d at 511 (noting that
Anders brief should be filed with request for withdrawal from case). We note
that counsel has not filed a motion to withdraw in this case.  If counsel wishes to file a motion to withdraw,
he must file the motion no later than fifteen days from the date of this
opinion.  

We order counsel to advise appellant promptly of the
disposition of this case and the availability of discretionary review.  See Ex parte Wilson, 956 S.W.2d 25, 27
(Tex. Crim. App. 1997) (per curiam).

 

FEDERICO G. HINOJOSA

Justice

 

Do
not publish.  See Tex. R. App. P. 47.2(b).

 

Memorandum
Opinion delivered and filed this

the
7th day of July, 2005.