NUMBER 13-03-089-CR

                                 COURT OF
APPEALS

                     THIRTEENTH DISTRICT OF TEXAS

                         CORPUS
 CHRISTI B EDINBURG

 

PAUL RAY SHANKS,                                                                       Appellant,

                                                             v.

THE STATE OF TEXAS,                                                                    Appellee.

 

 

                      On appeal from the 36th
District Court

                                    of
San Patricio County, Texas.

 

 

 

                                M
E M O R A N D U M   O P I N I O N

 

Before Chief
Justice Valdez and Justices Hinojosa and Rodriguez                     Opinion by Chief
Justice Valdez

 

Appellant, Paul Ray Shanks, appeals from his
conviction for two felony offenses.  We
affirm. 

Background

Appellant was charged with evading arrest or
detention and unauthorized use of a vehicle. 
See Tex. Pen. Code Ann.
'' 31.07, 38.04 (Vernon 2003).  Following a jury trial, appellant was found
guilty of both counts and sentenced to two years= imprisonment
and a fine of $8,977.04.   After filing a
notice of appeal, appellant=s counsel submitted an Anders brief asserting
that there was no basis for appeal.  See  Anders v. California,
386 U.S.
738, 744 (1967).  

This Court determined that counsel had advised
appellant of his right to file a pro se brief as required but had failed to
notify appellant of his right to review the record to determine what issues to
raise in his pro se brief.  See
McMahon v. State, 529 S.W.2d 771, 772 (Tex. Crim. App. 1975).  We accordingly abated the appeal to permit
counsel to notify appellant of his right to review the record.  Counsel complied with our order and notified
appellant of this right by letter; appellant then requested that this Court
grant him an extension of time to file his pro se brief.  We granted his request for a sixty-day
extension on August 3, 2004.  








Over sixty days have passed and no pro se brief or
request for additional time has been filed with this Court.  Because this Court only received counsel's Anders
brief and has no brief directly from appellant, we will independently
conduct a full examination of the record to determine whether the case is
indeed frivolous.  See Penson v. Ohio, 488 U.S.
75, 80 (1988); Garza v. State, 126 S.W.3d 312, 312 (Tex. App.BCorpus
Christi 2004, no pet.).  

Motion to Suppress

Counsel for appellant raised in his brief, as is
required, issues that may arguably support appellant's appeal.   See Anders, 386 U.S. at
744.  In compliance with the holding in High
v. State, 573 S.W.2d 807, 813 (Tex. Crim. App. 1978), counsel has also
carefully discussed why, under the controlling authorities, there are no errors
in the trial court's judgment.  

Counsel did note that the trial court=s denial of appellant=s
motion to suppress evidence derived from his arrest may potentially raise
Fourth Amendment concerns, as appellant may have been arrested, searched and
seized without a warrant, and his original detention by police officers may
have been conducted without probable cause. 
We will review the  trial court's
ruling on a motion to suppress evidence for an abuse of discretion.  See Villarreal v. State, 935 S.W.2d 134,
138 (Tex. Crim. App. 1996).  

An officer may conduct a brief investigative detention,
or "Terry stop," when he has a reasonable suspicion to believe that
an individual is involved in criminal activity. 
Balentine v. State, 71 S.W.3d 763, 768 (Tex. Crim. App. 2002).  In this case, however, the police were unable
to detain appellant for even a brief time in order to conduct a ATerry stop;@ a review of the trial testimony reveals that the
police officer involved observed appellant sitting in a moving van and decided to
make a u-turn in order to approach the vehicle, but appellant started the
engine and drove away before the officer completed the turn.  This initial encounter cannot be described as
a Astop@ or Adetention,@ and therefore reasonable suspicion did not have to
be established by the State. 








Following this initial encounter, the police officer
noted that appellant was driving erratically in violation of several traffic
laws and therefore pursued appellant=s vehicle with his emergency overhead lights
flashing.  If an officer has a reasonable
basis for suspecting a person has committed a traffic offense, the officer may
legally initiate a traffic stop.  See
Whren v. U.S., 517 U.S. 806, 810 (1996); Garcia v. State,
827 S.W.2d 937, 944 (Tex.  Crim. App. 1992).   The observation of traffic offenses will
justify police officers in stopping a vehicle. 
Tex. Code Crim. Proc. Ann.
art. 14.01, ' (b) (Vernon 2005); see Garcia, 827 S.W.2d at
944.   Here, the officer testified as to
the manner of appellant=s driving as well as his refusal to pull over and
stop when pursued by the police.   He and
other officers involved in the pursuit reported numerous traffic offenses by
appellant.  Given the evidence proffered
at trial in support of the police officers= actions in pursuing appellant=s vehicle, we conclude that the trial court did not
abuse its discretion in denying appellant=s motion to suppress.   

Independent Review of Record 

After reviewing the remainder of the record as
required, we are unable to identify any additional grounds for appeal.   See Penson, 488 U.S. at
80.  We therefore conclude that
appellant's appeal in this case is frivolous, and we affirm the judgment of the
trial court. 

In his Anders brief, counsel requests leave
to withdraw from further representation of appellant on this appeal.  We grant counsel's motion to withdraw.  Moore v. State, 466 S.W.2d 289, 291
n.1 (Tex. Crim. App. 1971); see Stafford,
813 S.W.2d at 511 (noting that Anders brief should be filed with request for
withdrawal from case).  We order counsel
to notify appellant of the disposition of his appeal and the availability of
discretionary review. See Ex parte Wilson, 956 S.W.2d 25, 27 (Tex. Crim.
App. 1997) (per curiam).

The judgment of the trial court is affirmed.








 

 

 

                                           

Rogelio Valdez,

Chief Justice

 

 

Do not publish.

TEX. R. APP. P. 47.2(b).

 

Memorandum Opinion delivered and filed

this 14th day of July, 2005.