NUMBER 13-03-386-CR

 
13-03-387-CR

 

                         COURT OF APPEALS

 

                     THIRTEENTH
DISTRICT OF TEXAS

 

                         CORPUS
CHRISTI - EDINBURG  

                                                                                                                     


 

DAVID EARL HARGROVE,                                                            Appellant,

 

v.

 

THE STATE OF TEXAS,                                                                 Appellee.

                                                                                                                                      


On appeal from the 262nd District
Court of Harris County, Texas.

                                                      
                                                                

MEMORANDUM OPINION

 

         Before
Chief Justice Valdez and Justices Hinojosa and Yañez

                            Memorandum
Opinion by Justice Yañez

 








Pursuant to a plea agreement, appellant, David Earl
Hargrove, pleaded guilty to the felony offenses of aggravated robbery[1]
and aggravated sexual assault.[2]  The trial court found appellant guilty and,
in accordance with the agreement, sentenced him to thirty-five years= confinement in the Institutional Division of the
Texas Department of Criminal Justice. 
Appellant=s counsel has filed a brief with this Court
asserting there is no basis for appeal.[3]  We agree, and affirm the trial court=s judgment.

As this is a memorandum opinion not designated for
publication and the parties are familiar with the facts, we will not recite
them here except as necessary to advise the parties of the Court=s decision and the basic reasons for it.[4]


In each case, the record contains the trial court=s amended certification that the case is a
plea-bargain case, but that the trial court has given the defendant the right
to appeal.[5]


Anders Brief








According to counsel=s
brief, he has reviewed the clerk=s record and reporter=s
record and has concluded that appellant=s appeal is frivolous and without merit.[6]  The brief meets the requirements of Anders
as it presents a professional evaluation showing why there are no arguable
grounds for advancing an appeal.[7]  In compliance with High v. State, 573
S.W.2d 807, 813 (Tex. Crim. App. 1978), counsel has carefully discussed why,
under controlling authority, there are no errors in the trial court=s judgment. 
In the brief, appellant=s counsel states that he has informed appellant of
his right to review the appellate record and to file a pro se brief.[8]  The record contains appellant=s pro se brief, which was untimely received
by this Court.[9]

Upon receiving a Afrivolous
appeal@ brief, the appellate courts must conduct Aa full examination of all the proceedings to decide
whether the case is wholly frivolous.@[10]  We have
carefully reviewed the appellate record and counsel=s brief.  We
agree with appellant=s counsel that the appeal is wholly frivolous and
without merit.   

                                                Motion
to Withdraw

An appellate court may grant counsel=s motion to withdraw filed in connection with an Anders
brief.[11]  We note that counsel has not filed a motion
to withdraw in this case.  If counsel
wishes to file a motion to withdraw, he must file the motion no later than
fifteen days from the date of this opinion.

We order counsel to advise appellant promptly of the
disposition of this case and the availability of discretionary review.[12]  

We find nothing in the record that might arguably
support this appeal.  The trial court=s judgment is AFFIRMED.                                       

 

_______________________

LINDA REYNA YAÑEZ,

Justice

 

Do not publish.                                              

Tex.R.App.P. 47.2(b)

 

Memorandum Opinion delivered and 

filed this the 14th day of July, 2005.











[1] See Tex. Pen. Code Ann. ' 29.03 (Vernon 2003). 
Appellant pleaded guilty to aggravated robbery in appellate cause number
13-03-386-CR (trial court cause number 934132 in the 262nd District Court of
Harris County).   





[2] See Tex. Pen. Code Ann. ' 22.021 (Vernon Supp. 2004-05).  Appellant pleaded guilty to aggravated sexual
assault  in appellate cause number
13-03-387-CR (trial court cause number 934131 in the 262nd District Court of
Harris County).    





[3] See Anders v. Californis,
386 U.S. 738 (1967).





[4] See Tex. R. App. P. 47.4.





[5] See Tex. R. App. P. 25.2(a)(2).





[6] See Anders, 386 U.S. at
738.   





[7] See Stafford v. State, 813
S.W.2d 503, 510 n.3 (Tex. Crim. App. 1991) (en banc). 





[8] See Sowels v. State, 45
S.W.3d 690, 693 (Tex. App.BWaco 2001, no pet.). 






[9] Although this Court granted
appellant several extensions of time in which to file his pro se brief, the
brief was untimely received by this Court. 
Out of an abundance of caution, we have reviewed appellant=s pro se brief and find both points
raised in the brief (claims that he received ineffective assistance and
that  limitations on claims of
involuntariness in plea-bargain cases are unconstitutional) to be without
merit.  





[10] Penson v. Ohio, 488 U.S.
75, 80 (1988); see Garza v. State, 126 S.W.3d 312, 313 (Tex. App.BCorpus Christi 2004, no pet.).  





[11] Moore v. State, 466 S.W.2d
289, 291 n.1 (Tex. Crim. App. 1971); see Stafford, 813 S.W.2d at 511
(noting that Anders brief should be filed with request for withdrawal
from case).  





[12] See Ex Parte Wilson, 956
S.W.2d 25, 27 (Tex. Crim. App. 1997).