NUMBER 13-04-165-CR

 
13-04-166-CR

 

                         COURT OF APPEALS

 

                     THIRTEENTH
DISTRICT OF TEXAS

 

                         CORPUS
CHRISTI - EDINBURG  

                                                                                                                     


 

ALVIN SHELLEY,                                                                            Appellant,

 

v.

 

THE STATE OF TEXAS,                                                                 Appellee.

                                                                                                                                      


On appeal from the 347th District
Court of Nueces County, Texas.

                                                                                                                      


MEMORANDUM OPINION

 

         Before
Chief Justice Valdez and Justices Hinojosa and Yañez

                            Memorandum
Opinion by Justice Yañez

 








On May 6, 1996, pursuant to a plea agreement,
appellant, Alvin Shelley, pled guilty to kidnapping, retaliation, and three
counts of sexual assault.  Appellant
received two sentences of twenty years= imprisonment for his three sexual assault offenses
and one sentence of ten years= imprisonment for his kidnapping and retaliation
offenses, all to be served concurrently. 
On October 29, 2001, appellant filed a motion for post‑conviction
DNA testing.  A hearing was held on
February 17, 2004, and the motion was denied. 
This appeal is from the denial of appellant's motion.  We affirm the judgment of the trial court. 

As this is a memorandum opinion not designated for
publication and the parties are familiar with the facts, we will not recite
them here except as necessary to advise the parties of the Court's decision and
the basic reasons for it.[1]


The record contains the trial court's certification
that this case is not a plea‑bargain case and the defendant has the right
of appeal.[2]

Anders Brief








On appeal, appellant's attorney has filed a brief
with this Court asserting there is no basis for appeal.[3]
According to the brief, counsel has reviewed the record and has concluded that
appellant's appeal is frivolous and without merit.[4]  The brief meets the requirements of Anders
as it presents a professional evaluation showing why there are no arguable
grounds for advancing an appeal.[5]   In compliance with High v. State,[6]
counsel has carefully discussed why, under controlling authority, there are no
errors in the trial court's judgment.  In
the brief, appellant's counsel states that he has informed appellant of his
right to review the appellate record and to file a pro se brief.[7]  The record reflects that appellant has filed
a pro se brief.

Upon receiving a "frivolous appeal" brief,
the appellate courts must conduct "a full examination of all the
proceedings to decide whether the case is wholly frivolous."[8]


Pro Se Brief

In his pro se brief, appellant contends the trial
court improperly denied his post-conviction motion for DNA testing.  Appellant also contends he was denied
effective assistance of counsel because his trial counsel failed to obtain
pretrial DNA testing, which appellant claims would have established his
innocence. 

Trial Court=s
Denial of Appellant=s Motion for DNA Testing

In reviewing the trial court's decision on a motion
for post‑conviction DNA testing, we apply a bifurcated standard of
review.[9]  We afford almost total deference to the trial
court's determination of historical fact issues and application of law to facts
that turn on credibility and demeanor.[10]  We review de novo other application of law to
fact issues.[11]

Before granting post‑conviction DNA testing,
the trial court must first determine whether (a) testable biological material
exists in a condition making forensic DNA testing possible and has not been
altered or tampered with in any material respect, and (b) identity was or is an
issue in the case.[12]  








At the hearing on appellant=s motion for DNA testing, appellant=s trial counsel stated that he inquired with the
Corpus Christi Police Department and the Nueces County District Attorney=s Office regarding whether any biological evidence
existed in relation to appellant=s cases. 
Appellant=s trial counsel stated that after an investigation,
he had concluded that Athere were no bodily substances that were seized . .
. that exclude the [appellant] as the suspect@ and
that Aidentity was not an issue in this case.@  In support
of trial counsel=s investigation, the record reflects that the victim
was appellant=s girlfriend and had sustained a relationship with
appellant over a significant period of time. 
Appellant also  admitted in a
letter to the court that A[he] hit [the victim] a lot of times.@  Other
evidence, including police reports, also contained corroborating evidence that
supported the allegations against appellant. 
Moreover, appellant introduced no evidence to show that testable DNA
evidence exists.

After reviewing the record, we find that the record
supports the trial court's determination that no evidence containing biological
material capable of DNA testing exists. 
Deferring to the trial court's finding that this evidence does not
exist, we hold that the trial court properly denied appellant's motion for post‑conviction
DNA testing.[13]  Appellant=s
contention regarding the trial court=s judgment is therefore overruled.  

Regarding appellant=s
complaint of ineffectiveness of counsel, Strickland v. Washington[14]
sets forth the standard of review for effectiveness of counsel.[15]  








Strickland
requires a two‑part inquiry.[16]  The defendant must first show that counsel's
performance was deficient, in that it fell below an objective standard of
reasonableness.[17]
Second, the defendant must further prove there is a reasonable probability that
but for counsel's deficient performance, the result of the proceeding would
have been different.[18]  A reasonable probability is a probability
sufficient to undermine confidence in the outcome.[19]

The determination regarding whether a defendant
received effective assistance of counsel must be made according to the facts of
each case.[20]  An appellate court looks to the totality of
the representation and the particular circumstances of the case in evaluating
counsel's effectiveness.[21]








The appellant bears the burden of proving by a
preponderance of the evidence that counsel was ineffective.[22]  There is a strong presumption that counsel's
conduct fell within the wide range of reasonable professional assistance.[23]  To defeat the presumption of reasonable
professional assistance, "any allegation of ineffectiveness must be firmly
founded in the record, and the record must affirmatively demonstrate the
alleged ineffectiveness."[24]

After carefully reviewing the record, we conclude
that appellant has failed to demonstrate that his trial counsel=s performance was deficient or that DNA testing
would have resulted in a different outcome at trial.  In this case, substantial evidence existed
that established that DNA testing would not have resulted in a different
outcome.  For example, letters to the
trial court from appellant=s father detailed appellant=s intimate relationship with the victim.  Additionally, other corroborating evidence,
including police reports, indicated that third-party witnesses had called 911
on numerous occasions after they had witnessed violent altercations between
appellant and the victim.  The record
supports trial counsel=s decision not to obtain pretrial DNA testing
because identity was not at issue. 
Further, we cannot say that trial counsel=s
conduct fell outside the wide range of reasonable professional assistance.  We therefore conclude that appellant has
failed to establish ineffective assistance based on his trial counsel's
decision not to obtain DNA testing. 
Appellant=s claim of ineffectiveness is therefore overruled.  

We have carefully reviewed appellant's pro se
brief.  We find nothing in the record
that might arguably support this appeal. The trial court's judgment is
affirmed.

Motion to Withdraw








An appellate court may grant counsel's motion to
withdraw filed in connection with an Anders brief.[25]  The record shows that counsel has not filed a
motion to withdraw.  If counsel wishes to
file a motion to withdraw, he must file the motion no later than fifteen days
from the date of this opinion.  We order
counsel to advise appellant promptly of the disposition of this case and the
availability of discretionary review.[26]                                                                                                         

 

_____________________

LINDA REYNA YAÑEZ,

Justice

 

Do not publish.                                              

Tex. R. App. P. 47.2(b)

 

Memorandum Opinion delivered and 

filed this the 14th day of July, 2005.

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 











[1] 
See Tex. R. App. P. 47.4. 





[2] 
See Tex. R. App. P.
25.2(a)(2).





[3] 
See Anders v. California, 386 U.S. 738 (1967). 





[4] 
See id. 





[5] 
See Stafford v. State, 813 S.W.2d 503, 510 n.3 (Tex. Crim. App.
1991). 





[6] 
573 S.W.2d 807, 813 (Tex. Crim. App. 1978).





[7] 
See Sowels v. State, 45 S.W.3d 690, 693 (Tex. App.BWaco 2001, no pet.). 





[8] 
Penson v. Ohio,
488 U.S. 75, 80 (1988); see Garza v. State, 126 S.W.3d 312, 313 (Tex.
App.BCorpus Christi 2004, no pet.).  





[9] 
Rivera v. State, 89 S.W.3d 55, 59 (Tex. Crim. App. 2002). 





[10]  Id. 





[11] 
Id.





[12] 
Tex. Code Crim. Proc. Ann. art.
64.03(a)(1)(A), (B) (Vernon Supp. 2004-05). 





[13] 
See Lopez v. State, 114 S.W.3d 711, 717 (Tex. App.BCorpus Christi 2003, no pet.) (holding that convicting
court properly denied appellant's motion for post‑conviction DNA testing
because record supported finding that no evidence containing biological
material capable of DNA testing existed). 





[14] 
466 U.S. 668 (1984).





[15] 
See Thompson v. State, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999). 





[16] 
Id. 





[17] 
Id. 





[18]  Id. 





[19]  Id.  





[20]  Id. at 813. 





[21] 
Id.





[22]  Id. 





[23] 
Id. 





[24] 
McFarland v. State, 928 S.W.2d 482, 500 (Tex. Crim. App. 1996).





[25]  Moore v. State, 466 S.W.2d 289, 291 n.1 (Tex. Crim. App. 1971); see Stafford,
813 S.W.2d at 511.  





[26]  See Ex Parte Wilson, 956 S.W.2d 25, 27 (Tex. Crim. App. 1997) (per curiam).