NUMBERS 13-05-104-CR &
13-05-105-CR

 

                         COURT OF APPEALS

 

                     THIRTEENTH
DISTRICT OF TEXAS

 

                         CORPUS
CHRISTI - EDINBURG  

 

HUGO ERNESTO VIGIL,                                                                 Appellant,

 

v.

 

THE STATE OF TEXAS,                                                                 Appellee.

 

On appeal from the 183rd District
Court of Harris County, Texas.

 

 

MEMORANDUM OPINION

 

                         Before
Justices Hinojosa, Yañez, and Garza

                            Memorandum
Opinion by Justice Yañez

 

                                         Appellate
Cause Number 13-05-104-CR[1]

 








On July 11, 2000, in cause number 13-05-104-CR, a
jury found appellant, Hugo Ernesto Vigil,[2]
guilty of the felony offense of burglary of a habitation with intent to commit
aggravated assault.[3]  On July 12, 2000, the jury assessed
punishment at eight years= community supervision.[4]  In 2004, the State filed a motion to revoke
community supervision, alleging appellant violated the terms of his community
supervision by committing burglary of a habitation with intent to commit theft
on July 11, 2004 (appellate cause number 13-05-105-CR).[5]  Appellant pleaded Atrue@ to the allegations, the trial court revoked
appellant=s community supervision, and sentenced him to eight
years= imprisonment.   


                             Appellate
Cause Number 13-05-105-CR[6]

On January 10, 2005, in cause number 13-05-105-CR,
appellant pleaded guilty to the felony offense of burglary of a habitation with
intent to commit theft.  The trial court
accepted his plea and the jury assessed punishment at twenty years= imprisonment and a $10,000.00 fine.[7]  The trial court ordered the sentence in cause
number 13-05-105-CR to begin after the sentence in cause number 13-05-104-CR
ceased to operate.[8]  

In each case, appellant=s counsel has filed a brief with this Court
asserting there is no basis for appeal.[9]  We agree, and affirm the trial court=s judgments.








Anders Briefs

According to counsel=s
briefs, he has reviewed the clerk=s record and reporter=s
record and has concluded that appellant=s appeals are frivolous and without merit.[10]  The briefs meet the requirements of Anders
as they present a professional evaluation showing why there are no arguable
grounds for advancing an appeal in either case.[11]  In compliance with High v. State, 573
S.W.2d 807, 813 (Tex. Crim. App. 1978), counsel has carefully discussed why,
under controlling authority, there are no errors in the trial court=s judgments. 
In the briefs, appellant=s counsel states that he has informed appellant of
his right to review the appellate record and to file a pro se brief.[12]  No such brief has been filed in either case.

Upon receiving a Afrivolous
appeal@ brief, the appellate courts must conduct Aa full examination of all the proceedings to decide
whether the case is wholly frivolous.@[13]  We have
carefully reviewed the appellate record and counsel=s brief in each case.  We agree with appellant=s counsel that the appeals are wholly frivolous and
without merit.[14]  Accordingly, we affirm the judgments of the
trial court.     

                                                Motion
to Withdraw








In accordance with Anders, counsel has asked
permission to withdraw as counsel for appellant.[15]  An appellate court may grant counsel=s motion to withdraw filed in connection with an Anders
brief.[16]  We grant counsel=s motion to withdraw in both cases.

We order counsel to advise appellant promptly of the
disposition of both cases and the availability of discretionary review.[17]                                                                             


 

_______________________

LINDA REYNA YAÑEZ,

Justice

 

 

 

 

Do not publish.                      

Tex. R. App. P. 47.2(b)

 

Memorandum opinion delivered and 

filed this the 20th day of July, 2006.











[1] Trial court cause number 837866 in
the 183rd District Court of Harris County, Texas.





[2] Appellant is also known as AJose Roberto Tobar.@





[3] See Tex. Pen. Code Ann. ' 30.02(a)(1) (Vernon 2003).





[4] See Tex. Code Crim. Proc. Ann. art. 42.12 ' 4 (Vernon Supp. 2005).





[5] See Tex. Pen. Code Ann. ' 30.02(a)(1) (Vernon 2003).





[6] Trial court cause number 993925 in
the 183rd District Court of Harris County, Texas.





[7] See Tex. Pen. Code Ann. ' 12.33 (Vernon 2003).





[8] See Tex. Code Crim. Proc. Ann. art. 42.08 (Vernon Supp. 2005).





[9] See Anders v. California,
386 U.S. 738, 744 (1967).





[10] See id.  





[11] See Stafford v. State, 813
S.W.2d 503, 510 n.3 (Tex. Crim. App. 1991) (en banc). 





[12] See Sowels v. State, 45
S.W.3d 690, 693 (Tex. App.BWaco 2001, no pet.). 






[13] Penson v. Ohio, 488 U.S.
75, 80 (1988); see Garza v. State, 126 S.W.3d 312, 313 (Tex. App.BCorpus Christi 2004, no pet.).  





[14] See Bledsoe v. State, 178
S.W.3d 824, 827-28 (Tex. Crim. App. 2005).





[15] See Anders, 386 U.S. at
744.





[16] Moore v. State, 466 S.W.2d
289, 291 n.1 (Tex. Crim. App. 1971); see Stafford, 813 S.W.2d at 511
(noting that Anders brief should be filed with request for withdrawal
from case).  





[17] See Ex Parte Wilson, 956
S.W.2d 25, 27 (Tex. Crim. App. 1997).