NUMBER 13-05-050-CR

 

                         COURT OF APPEALS

 

                     THIRTEENTH
DISTRICT OF TEXAS

 

                         CORPUS
CHRISTI - EDINBURG  

                                                                                                                     


 

BOBBY RAY FOWLER,                                                                  Appellant,

 

v.

 

THE STATE OF TEXAS,                                                                 Appellee.

                                                                                                                       


On appeal from the 262nd District
Court of Harris County, Texas.

                                                                                                                      


MEMORANDUM OPINION

 

                         Before
Justices Hinojosa, Yañez, and Garza

                            Memorandum
Opinion by Justice Yañez

 








A jury convicted appellant, Bobby Ray Fowler, of
assault against a family member,[1]
enhanced by a prior conviction for assault against a family member and two
prior felony convictions.  The jury
sentenced him to thirty years= imprisonment in the Institutional Division of the
Texas Department of Criminal Justice.[2]  Appellant=s
counsel has filed a brief with this Court asserting there is no basis for
appeal.[3]  We agree, and affirm the trial court=s judgment.

Anders Brief

According to counsel=s
brief, he has reviewed the clerk=s record and reporter=s
record and has concluded that appellant=s appeal is frivolous and without merit.[4]  The brief meets the requirements of Anders
as it presents a professional evaluation showing why there are no arguable grounds
for advancing an appeal.[5]  In compliance with High v. State, 573
S.W.2d 807, 813 (Tex. Crim. App. 1978), counsel has carefully discussed why,
under controlling authority, there are no errors in the trial court=s judgment. 
In the brief, appellant=s counsel states that he has informed appellant of
his right to review the appellate record and to file a pro se brief.[6]  Appellant filed a pro se brief, in
which he asserts ineffective assistance of counsel. 








Upon receiving a Afrivolous
appeal@ brief, the appellate courts must conduct Aa full examination of all the proceedings to decide
whether the case is wholly frivolous.@[7]  We have
carefully reviewed the appellate record, counsel=s
brief, and appellant=s pro se brief.  We agree with appellant=s counsel that the appeal is wholly frivolous and
without merit.[8]  Accordingly, we affirm the judgment of the
trial court.     

                                                Motion
to Withdraw

In accordance with Anders, counsel has asked
permission to withdraw as counsel for appellant.[9]  An appellate court may grant counsel=s motion to withdraw filed in connection with an Anders
brief.[10]  We grant counsel=s motion to withdraw.

We order counsel to advise appellant promptly of the
disposition of this case and the availability of discretionary review.[11]                                                                            


 

 

_______________________

LINDA REYNA YAÑEZ,

Justice

 

 

 

Do not publish.                      

Tex. R. App. P. 47.2(b)

 

Memorandum opinion delivered and 

filed this the 20th day of July, 2006.











[1] See Tex. Pen. Code Ann. ' 22.01(b)(2), (f) (Vernon Supp. 2005).





[2] See id. ' 42.12(d) (Vernon Supp. 2005).





[3] See Anders v. California,
386 U.S. 738, 744 (1967).





[4] See id.  





[5] See Stafford v. State, 813
S.W.2d 503, 510 n.3 (Tex. Crim. App. 1991) (en banc). 





[6] See Sowels v. State, 45
S.W.3d 690, 693 (Tex. App.BWaco 2001, no pet.). 






[7] Penson v. Ohio, 488 U.S.
75, 80 (1988); see Garza v. State, 126 S.W.3d 312, 313 (Tex. App.BCorpus Christi 2004, no pet.).  





[8] See Bledsoe v. State, 178
S.W.3d 824, 827-28 (Tex. Crim. App. 2005).





[9] See Anders, 386 U.S. at
744.





[10] Moore v. State, 466 S.W.2d
289, 291 n.1 (Tex. Crim. App. 1971); see Stafford, 813 S.W.2d at 511
(noting that Anders brief should be filed with request for withdrawal
from case).  





[11] See Ex Parte Wilson, 956
S.W.2d 25, 27 (Tex. Crim. App. 1997).