NUMBER 13-05-283-CR

 

                         COURT OF APPEALS

 

                     THIRTEENTH
DISTRICT OF TEXAS

 

                         CORPUS
CHRISTI - EDINBURG  

                                                                                                                     


 

JOSE OVALLE,                                                                      Appellant,

 

v.

 

THE STATE OF TEXAS,                                                                 Appellee.

                                                                                                                       


On appeal from the 347th District
Court of Nueces County, Texas.

                                                                                                                      


MEMORANDUM OPINION

 

                         Before
Justices Hinojosa, Yañez, and Garza

                            Memorandum
Opinion by Justice Yañez

 








On October 28, 2002, appellant, Jose Ovalle, pleaded
guilty to the offense of indecency with a child.[1]  The trial court deferred adjudication and
placed appellant on community supervision for five years.  On February 24, 2005, the State filed an
amended motion to revoke community supervision. 
At a hearing which began on April 7, 2005, appellant pleaded Atrue@ to most of the State=s
allegations and Anot true@ to several allegations.[2]  Pursuant to a plea bargain agreement, the
trial court found all of the State=s allegations Atrue,@ adjudicated appellant guilty, revoked his community
supervision, and sentenced him to twenty years=
imprisonment in the Institutional Division of the Texas Department of Criminal
Justice.  Appellant=s counsel has filed a brief with this Court
asserting there is no basis for appeal.[3]  We agree, and affirm the trial court=s judgment.

Anders Brief

According to counsel=s
brief, he has reviewed the clerk=s record and reporter=s
record and has concluded that appellant=s appeal is frivolous and without merit.[4]  The brief meets the requirements of Anders
as it presents a professional evaluation showing why there are no arguable
grounds for advancing an appeal.[5]  In compliance with High v. State, 573
S.W.2d 807, 813 (Tex. Crim. App. 1978), counsel has carefully discussed why,
under controlling authority, there are no errors in the trial court=s judgment. 
In the brief, appellant=s counsel states that he has informed appellant of
his right to review the appellate record and to file a pro se brief.[6]  No such brief has been filed.








Upon receiving a Afrivolous
appeal@ brief, the appellate courts must conduct Aa full examination of all the proceedings to decide
whether the case is wholly frivolous.@[7]  We have
carefully reviewed the appellate record and counsel=s brief.  We
agree with appellant=s counsel that the appeal is wholly frivolous and
without merit.[8]  Accordingly, we affirm the judgment of the
trial court.     

                                                Motion
to Withdraw

In accordance with Anders, counsel has asked
permission to withdraw as counsel for appellant.[9]  An appellate court may grant counsel=s motion to withdraw filed in connection with an Anders
brief.[10]  We grant counsel=s motion to withdraw.

We order counsel to advise appellant promptly of the
disposition of this case and the availability of discretionary review.[11]  

 

 

                                                    
                                                                                           LINDA
REYNA YAÑEZ,

Justice

 

 

 

Do not publish.                      

Tex. R. App. P. 47.2(b)

 

Memorandum opinion delivered and 

filed this the 27th day of July, 2006.











[1] See Tex. Pen. Code Ann.' 21.11 (Vernon 2003). 





[2] Appellant subsequently pleaded
guilty to a second offense of indecency with a child, which was the offense at
issue in the contested allegations.  





[3] See Anders v. California,
386 U.S. 738, 744 (1967).





[4] See id.    





[5] See Stafford v. State, 813
S.W.2d 503, 510 n.3 (Tex. Crim. App. 1991) (en banc). 





[6] See Sowels v. State, 45
S.W.3d 690, 693 (Tex. App.BWaco 2001, no pet.). 






[7] Penson v. Ohio, 488 U.S.
75, 80 (1988); see Garza v. State, 126 S.W.3d 312, 313 (Tex. App.BCorpus Christi 2004, no pet.).  





[8] See Bledsoe v. State, 178
S.W.3d 824, 827-28 (Tex. Crim. App. 2005).





[9] See Anders, 386 U.S. at
744.





[10] Moore v. State, 466 S.W.2d
289, 291 n.1 (Tex. Crim. App. 1971); see Stafford, 813 S.W.2d at 511
(noting that Anders brief should be filed with request for withdrawal
from case).  





[11] See Ex Parte Wilson, 956
S.W.2d 25, 27 (Tex. Crim. App. 1997).