NUMBER 13-05-284-CR



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG 


 

 

IVAN GUERRA BADILLO, Appellant,


v.


THE STATE OF TEXAS, Appellee.

 


On appeal from the 107th District Court of Cameron County, Texas.

 


MEMORANDUM OPINION


Before Chief Justice Valdez and Justices Yañez and Castillo


Memorandum Opinion by Chief Justice Valdez


 

On April16, 2004, appellant, Ivan Guerra Badillo, pleaded guilty to possession of a
controlled substance and aggravated assault on a public servant. See Tex. Health &
Safety Code Ann. § 481.115 (Vernon 2003); Tex. Pen. Code Ann. § 22.02(b)(2)(B)
(Vernon Supp. 2005). Under a plea bargain agreement, the trial court sentenced him to
seven years' imprisonment. On July 14, 2004, appellant filed a motion for shock probation
under article 42.12, section 6, of the code of criminal procedure. See Tex. Crim. Proc.
Code Ann. art. 42.12, § 6 (Vernon Supp. 2005). The trial court denied the motion, and
also denied a second motion for shock probation filed on August 25, 2004. On October
15, 2004, 182 days after sentencing, a different trial judge heard and granted appellant's
third motion for shock probation.

The State moved to set aside the order granting shock probation as void on the
grounds that it was (1) not entered within 180 days after execution of the sentence actually
began, and (2) not granted by the judge that imposed the original sentence. See id. By
order, the trial court granted the State's motion, set aside the order granting shock
probation as void, and reinstated the original judgment.

I. ANDERS BRIEF

 Appellant's court-appointed attorney has filed an Anders brief, asserting there is no
basis for this appeal. See Anders v. California, 386 U.S. 738, 744 (1967). In the brief,
counsel states that he has reviewed the clerk's record and reporter's record and has
concluded that this appeal is frivolous and without merit. See id. The brief meets the
requirements of Anders as it presents a professional evaluation showing why there are no
arguable grounds for advancing an appeal. See Stafford v. State, 813 S.W.2d 503, 510
n. 3 (Tex. Crim. App. 1991). In compliance with High v. State, 573 S.W.2d 807, 813 (Tex.
Crim. App. [Panel Op.] 1978), counsel has carefully discussed why, under the controlling
authorities, there are no errors in the trial court's judgment. In the brief, appellant's counsel
certifies that he has informed appellant of his right to review the appellate record and to file
a pro se brief. See Stafford, 813 S.W.2d at 510. No such brief has been filed.

II. INDEPENDENT REVIEW OF THE RECORD

 Upon receiving a "frivolous appeal" brief, the appellate courts must conduct a "full
examination of all of the proceedings to decide whether the case is wholly frivolous." 
Penson v. Ohio, 488 U.S. 75, 80 (1988); see Garza v. State, 126 S.W.3d 312, 313 (Tex.
App.-Corpus Christi 2004, no pet.). We have carefully reviewed the appellate record and
counsel's brief. We find nothing in the record that might arguably support this appeal. See
Bledsoe v. State, 178 S.W.3d 824, 826-28 (Tex. Crim. App. 2005). Accordingly, we affirm
the trial court's judgment.

III. MOTION TO WITHDRAW

 The Court of Criminal Appeals, in Stafford v. State, stated that an Anders brief
should be filed along with a request to withdraw from the case in the appeals court. See
Stafford, 813 S.W.2d at 511. We note that counsel has not filed a motion to withdraw in
this case. "By not filling a motion to withdraw, appellate counsel exhibited a basic, and 
common misunderstanding about Anders cases." See Jeffery v. State, 903 S.W.2d 776,
778 (Tex. App.-Dallas 1995, no pet.). While we prefer appointed counsel filing a frivolous
appeal to strictly adhere to the procedures required by Anders, counsel's failure to file a
motion to withdraw does not prohibit us from deciding the appeal. See Smith v. Robbins,
528 U.S. 259, 265 (2000). If counsel wishes to file a motion to withdraw, he must file the
motion no later than fifteen days from the date of this opinion. 

 We order counsel to advise appellant promptly of the disposition of this case and
the availability of discretionary review. See Ex parte Wilson, 956 S.W.2d 25, 27 (Tex.
Crim. App. 1997) (per curiam). 

 




 _______________________

 ROGELIO VALDEZ

 Chief Justice


Do not publish. 

Tex. R. App. P. 47.2(b).

Memorandum Opinion delivered and filed 

this the 3rd day of August, 2006.