NUMBER 13-04-510-CR



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG 


 


EDDIE SHORTS, JR., Appellant,


v.


THE STATE OF TEXAS, Appellee.

 


On appeal from the 105th District Court of Nueces County, Texas.

 


MEMORANDUM OPINION


Before Chief Justice Valdez and Justices Rodriguez and Castillo


Memorandum Opinion by Chief Justice Valdez



 Appellant, Eddie Shorts, Jr., was found guilty by a jury of the sexual assault of
another inmate in the Nueces County Jail, and sentenced to fifteen years' imprisonment. 
See Tex. Pen. Code Ann. § 22.011 (Vernon Supp. 2005). Shorts appealed his conviction,
but it was affirmed. 

 Several years after the conviction was affirmed, Shorts filed a pro se motion for DNA
testing. See Tex. Crim. Proc. Code Ann. art. 64.01 (Vernon Supp. 2005). The trial court
appointed counsel for the DNA hearings and denied the motion for DNA testing. Shorts
filed a timely notice of appeal and the present proceeding ensued. 

I. ANDERS BRIEF

 Appellant's court-appointed attorney has filed an Anders brief, asserting there is no
basis for this appeal. See Anders v. California, 386 U.S. 738, 744 (1967). In the brief,
counsel states that he has reviewed the clerk's record and reporter's record and has
concluded that this appeal is frivolous and without merit. See id. The brief meets the
requirements of Anders as it presents a professional evaluation showing why there are no
arguable grounds for advancing an appeal. See Stafford v. State, 813 S.W.2d 503, 510
n. 3 (Tex. Crim. App. 1991). In compliance with High v. State, 573 S.W.2d 807, 813 (Tex.
Crim. App. [Panel Op.] 1978), counsel has carefully discussed why, under the controlling
authorities, there are no errors in the trial court's judgment. In the brief, appellant's counsel
certifies that he has informed appellant of his right to review the appellate record and to file
a pro se brief. See Stafford, 813 S.W.2d at 510. Appellant filed a pro se brief April 11,
2006.

II. INDEPENDENT REVIEW OF THE RECORD

 Upon receiving a "frivolous appeal" brief, the appellate courts must conduct a "full
examination of all of the proceedings to decide whether the case is wholly frivolous." 
Penson v. Ohio, 488 U.S. 75, 80 (1988); see Garza v. State, 126 S.W.3d 312, 313 (Tex.
App.-Corpus Christi 2004, no pet.). We have carefully reviewed the appellate record,
counsel's brief, and appellant's pro se brief. We find nothing in the record that might
arguably support this appeal. See Bledsoe v. State, 178 S.W.3d 824, 827-28 (Tex. Crim.
App. 2005). Accordingly, we affirm the trial court's judgment.

III. ANDERS COUNSEL

 In accordance with Anders, counsel has asked permission to withdraw as
appellant's counsel. See Anders, 368 U.S. at 744. An appellate court may grant counsel's
motion to withdraw filed in connection with an Anders brief. Moore v. State, 466 S.W.2d
289, 291 n. 1 (Tex. Crim. App. 1971); see Stafford, 813 S.W.2d at 511 (noting that an
Anders brief should be filed with request for withdrawal from case). We grant counsel's
motion to withdraw. 

 We order counsel to advise appellant promptly of the disposition of this case and
the availability of discretionary review. See Ex parte Wilson, 956 S.W.2d 25, 27 (Tex.
Crim. App. 1997) (per curiam). 

 _______________________

 ROGELIO VALDEZ

 Chief Justice

Do not publish. 

Tex. R. App. P. 47.2(b).


Memorandum Opinion delivered and filed 

this the 17th day of August, 2006.