NUMBER 13-05-299-CR

 

                         COURT OF APPEALS

 

                     THIRTEENTH
DISTRICT OF TEXAS

 

                         CORPUS
CHRISTI - EDINBURG  

                                                                                                                     


 

RAMIRO CABALLERO,                                                                  Appellant,

 

v.

 

THE STATE OF TEXAS,                                                                 Appellee.

                                                                                                                       


On appeal from the 138th District
Court of Cameron County, Texas.

                                                                    
                                                  

MEMORANDUM OPINION

 

                         Before
Justices Hinojosa, Yañez, and Garza

                            Memorandum
Opinion by Justice Yañez

 








On April 7, 1995, pursuant to a plea agreement,
appellant, Ramiro Caballero, pleaded guilty to the offense of theft.[1]  The trial court found appellant guilty and
imposed a sentence of ten years and a $750.00 fine, suspended for seven years.[2]  On November 2, 1995, the State filed a motion
to revoke appellant=s community supervision, alleging numerous
violations, including failure to report and failure to pay fees.  At a hearing on April 7, 2005,[3]
appellant pleaded Atrue@ to the State=s allegations in the motion to revoke.  Pursuant to a plea agreement, the trial court
found appellant had violated the terms of his community supervision and
sentenced him to three years= imprisonment in the Institutional Division of the
Texas Department of Criminal Justice. 
Appellant=s counsel has filed a brief with this Court
asserting there is no basis for appeal.[4]  We agree, and affirm the trial court=s judgment.

Anders Brief

According to counsel=s
brief, he has reviewed the clerk=s record and reporter=s
record and has concluded that appellant=s appeal is frivolous and without merit.[5]  The brief meets the requirements of Anders
as it presents a professional evaluation showing why there are no arguable
grounds for advancing an appeal.[6]  In compliance with High v. State, 573
S.W.2d 807, 813 (Tex. Crim. App. 1978), counsel has carefully discussed why,
under controlling authority, there are no errors in the trial court=s judgment.  In the brief, appellant=s counsel states that he has informed appellant of
his right to review the appellate record and to file a pro se brief.[7]  No such brief has been filed.








Upon receiving a Afrivolous
appeal@ brief, the appellate courts must conduct Aa full examination of all the proceedings to decide
whether the case is wholly frivolous.@[8]  We have
carefully reviewed the appellate record and counsel=s brief.  We
agree with appellant=s counsel that the appeal is wholly frivolous and
without merit.[9]  Accordingly, we affirm the judgment of the
trial court.     

                                                Motion
to Withdraw

In accordance with Anders, counsel has asked
permission to withdraw as counsel for appellant.[10]  An appellate court may grant counsel=s motion to withdraw filed in connection with an Anders
brief.[11]  We grant counsel=s motion to withdraw.

We order counsel to advise appellant promptly of the
disposition of this case and the availability of discretionary review.[12]                                                                            


 

 

_______________________

LINDA REYNA YAÑEZ,

Justice

 

 

 

 

Do not publish.                      

Tex. R. App. P. 47.2(b)

 

Memorandum opinion delivered and 

filed this the 20th day of July, 2006.











[1] See Tex. Pen. Code Ann. ' 31.03 (Vernon Supp. 2005). 





[2] See id. ' 12.24 (Vernon 2003).





[3] Despite numerous attempts to
locate appellant, he was not arrested until 2005. 





[4] See Anders v. California,
386 U.S. 738, 744 (1967).





[5] See id.  





[6] See Stafford v. State, 813
S.W.2d 503, 510 n.3 (Tex. Crim. App. 1991) (en banc). 





[7] See Sowels v. State, 45
S.W.3d 690, 693 (Tex. App.BWaco 2001, no pet.). 






[8] Penson v. Ohio, 488 U.S.
75, 80 (1988); see Garza v. State, 126 S.W.3d 312, 313 (Tex. App.BCorpus Christi 2004, no pet.).  





[9] See Bledsoe v. State, 178
S.W.3d 824, 827-28 (Tex. Crim. App. 2005).





[10] See Anders, 386 U.S. at
744.





[11] Moore v. State, 466 S.W.2d
289, 291 n.1 (Tex. Crim. App. 1971); see Stafford, 813 S.W.2d at 511
(noting that Anders brief should be filed with request for withdrawal
from case).  





[12] See Ex Parte Wilson, 956
S.W.2d 25, 27 (Tex. Crim. App. 1997).