NUMBERS 13-05-341-CR & 13-05-342-CR



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG 


 


THOMAS DWAYNE DANIELS, Appellant,


v.


THE STATE OF TEXAS, Appellee.

 


On appeal from the 156th District Court of Live Oak County, Texas.

 


MEMORANDUM OPINION


Before Justices Hinojosa, Yañez, and Garza


Memorandum Opinion by Justice Yañez


 

On December 5, 2001, in appellate cause number 13-05-341-CR, (1) pursuant to a
plea agreement, appellant, Thomas Dwayne Daniels, pleaded guilty to the offense of
forgery. (2) The trial court assessed punishment at two years' imprisonment and a $2,000
fine, suspended the sentence, and placed appellant on community supervision for five
years.

On May 15, 2002, in appellate cause number 13-05-342-CR, (3) following a guilty plea,
appellant was found guilty of forgery. (4) The trial court sentenced appellant to two years'
imprisonment, suspended the sentence, and placed appellant on community supervision
for five years.

On March 30, 2005, the State filed a motion to revoke community supervision in
each cause, alleging several violations of appellant's community supervision. At a hearing
on the State's motion on April 20, 2005, appellant pleaded "true" to several allegations in
the State's motion. The trial court found the State's allegations in paragraphs one, two, six,
and seven of the motion "true," revoked appellant's community supervision in each case,
and assessed his sentence at two years' imprisonment in each case, with the sentences
to run consecutively. (5) Appellant's counsel has filed briefs with this Court asserting there
is no basis for appeal in either case. (6) We agree, and affirm the trial court's judgments.

Anders Brief

According to counsel's briefs, he has reviewed the clerk's record and reporter's
record in each case and has concluded that appellant's appeals are frivolous and without
merit. (7) The briefs meet the requirements of Anders as they present a professional
evaluation showing why there are no arguable grounds for advancing an appeal in either
case. (8) In compliance with High v. State, 573 S.W.2d 807, 813 (Tex. Crim. App. 1978),
counsel has carefully discussed why, under controlling authority, there are no errors in the
trial court's judgments. In the briefs, appellant's counsel states that he has informed
appellant of his right to review the appellate record and to file a pro se brief. (9) No such brief
has been filed in either case.

Upon receiving a "frivolous appeal" brief, the appellate courts must conduct "a full
examination of all the proceedings to decide whether the case is wholly frivolous." (10) We
have carefully reviewed the appellate record and counsel's brief in each case. We agree
with appellant's counsel that the appeals are wholly frivolous and without merit. (11) 
Accordingly, we affirm the judgments of the trial court in both cases. 

Motion to Withdraw


In accordance with Anders, counsel has asked permission to withdraw as counsel
for appellant. (12) An appellate court may grant counsel's motion to withdraw filed in
connection with an Anders brief. (13) We grant counsel's motion to withdraw in each case.

We order counsel to advise appellant promptly of the disposition of these cases and
the availability of discretionary review. (14) 


 

 _______________________

 LINDA REYNA YAÑEZ,

 Justice




Do not publish. 

Tex. R. App. P. 47.2(b)


Memorandum opinion delivered and 

filed this the 3rd day of August, 2006.
1. Trial court cause number L-01-0091-CR-B, in the 156th District Court of Live Oak County, Texas.
2. See Tex. Pen. Code Ann. § 32.21(d) (Vernon Supp. 2005). 
3. Trial court cause number L-02-0022-CR-B, in the 156th District Court of Live Oak County, Texas.
4. See Tex. Pen. Code Ann. § 32.21(d) (Vernon Supp. 2005). 
5. See Tex. Code Crim. Proc. Ann. art. 42.08(a) (Vernon Supp. 2005).
6. See Anders v. California, 386 U.S. 738, 744 (1967).
7. See id. 
8. See Stafford v. State, 813 S.W.2d 503, 510 n.3 (Tex. Crim. App. 1991) (en banc). 
9. See Sowels v. State, 45 S.W.3d 690, 693 (Tex. App.-Waco 2001, no pet.). 
10. Penson v. Ohio, 488 U.S. 75, 80 (1988); see Garza v. State, 126 S.W.3d 312, 313 (Tex.
App.-Corpus Christi 2004, no pet.). 
11. See Bledsoe v. State, 178 S.W.3d 824, 827-28 (Tex. Crim. App. 2005).
12. See Anders, 386 U.S. at 744.
13. Moore v. State, 466 S.W.2d 289, 291 n.1 (Tex. Crim. App. 1971); see Stafford, 813 S.W.2d at 511
(noting that Anders brief should be filed with request for withdrawal from case). 
14. See Ex Parte Wilson, 956 S.W.2d 25, 27 (Tex. Crim. App. 1997).