NUMBER 13-05-349-CR


COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG 


 


THOMAS PHILLIP ALLEN, Appellant,


v.


THE STATE OF TEXAS, Appellee.

 
 

On appeal from the 329th District Court of Wharton County, Texas.

 


MEMORANDUM OPINION


Before Chief Justice Valdez and Justices Yañez and Castillo


Memorandum Opinion by Justice Yañez



Appellant, Thomas Phillip Allen, pleaded guilty to the offense of possession of a
controlled substance with intent to deliver in a drug-free zone, enhanced by several prior
felonies. (1) The trial court accepted appellant's plea, found him guilty, and sentenced him to
thirty-five years' imprisonment. Appellant's counsel has filed a brief with this Court asserting
there is no basis for appeal. (2) We agree, and affirm the trial court's judgment.

Anders Brief

According to counsel's brief, he has reviewed the clerk's record and reporter's record
and has concluded that appellant's appeal is frivolous and without merit. (3) The brief meets
the requirements of Anders, as it presents a professional evaluation showing why there are
no arguable grounds for advancing an appeal. (4) In compliance with High v. State, 573
S.W.2d 807, 813 (Tex. Crim. App. 1978), counsel has carefully discussed why, under
controlling authority, there are no errors in the trial court's judgment. In the brief, appellant's
counsel states that he has informed appellant of his right to review the appellate record and
to file a pro se brief. (5) No such brief has been filed.

Upon receiving a "frivolous appeal" brief, the appellate courts must conduct "a full
examination of all the proceedings to decide whether the case is wholly frivolous." (6) We
have carefully reviewed the appellate record and counsel's brief. We agree with appellant's
counsel that the appeal is wholly frivolous and without merit. (7) Accordingly, we affirm the
judgment of the trial court. 

Motion to Withdraw


In accordance with Anders, counsel has asked permission to withdraw as counsel
for appellant. (8) An appellate court may grant counsel's motion to withdraw filed in
connection with an Anders brief. (9) We grant counsel's motion to withdraw.

We order counsel to advise appellant promptly of the disposition of this case and the
availability of discretionary review. (10) 


 

 _______________________

 LINDA REYNA YAÑEZ,

 Justice

 



Do not publish. 

Tex. R. App. P. 47.2(b)


Memorandum opinion delivered and 

filed this the 17th day of August, 2006.
1. See Tex. Health & Safety Code Ann. § 481.112(d) (Vernon 2003); Tex. Pen. Code Ann. § 481.134
(Vernon Supp. 2005) (providing that when certain offenses are committed in a drug-free zone, punishment
for the offenses may be enhanced). 
2. See Anders v. California, 386 U.S. 738, 744 (1967).
3. See id. 
4. See Stafford v. State, 813 S.W.2d 503, 510 n.3 (Tex. Crim. App. 1991) (en banc). 
5. See Sowels v. State, 45 S.W.3d 690, 693 (Tex. App.-Waco 2001, no pet.). 
6. Penson v. Ohio, 488 U.S. 75, 80 (1988); see Garza v. State, 126 S.W.3d 312, 313 (Tex.
App.-Corpus Christi 2004, no pet.). 
7. See Bledsoe v. State, 178 S.W.3d 824, 827-28 (Tex. Crim. App. 2005).
8. See Anders, 386 U.S. at 744.
9. Moore v. State, 466 S.W.2d 289, 291 n.1 (Tex. Crim. App. 1971); see Stafford, 813 S.W.2d at 511
(noting that Anders brief should be filed with request for withdrawal from case). 
10. See Ex Parte Wilson, 956 S.W.2d 25, 27 (Tex. Crim. App. 1997).