NUMBERS 13-06-045-CR & 13-06-051-CR 

COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG 


 


AMID MIROSLAVA ARIZPE, Appellant,


v.


THE STATE OF TEXAS, Appellee.

 
 

On appeal from the 107th District Court of Cameron County, Texas.

 


MEMORANDUM OPINION


Before Chief Justice Valdez and Justices Yañez and Castillo


Memorandum Opinion by Justice Yañez



In appellate cause number 13-06-051-CR, (1) appellant Amid Miroslava Arizpe pleaded
guilty to theft, with five misdemeanor enhancements. (2) On January 13, 2003, the trial court
sentenced her to two years' imprisonment, suspended the sentence, and placed her on
community supervision for three years. On November 1, 2005, the State filed a second
motion to revoke, alleging numerous violations of appellant's community supervision,
including that she committed the offense of possession of cocaine. (3) On January 20, 2006,
appellant pleaded "true" to the State's allegations, the trial court revoked her community
supervision, and sentenced her to two years' imprisonment. (4)

In appellate cause number 13-06-045-CR, appellant pleaded guilty to possession of
cocaine, a state jail felony. (5) The trial court sentenced her to two years' imprisonment. (6) 
Appellant's counsel has filed a brief with this Court in each case asserting there is no basis
for appeal. (7) We agree, and affirm the trial court's judgments.

Anders Brief

According to counsel's briefs, he has reviewed the clerk's record and reporter's
record in each case and has concluded that appellant's appeals are frivolous and without
merit. (8) The briefs meet the requirements of Anders as they present a professional
evaluation showing why there are no arguable grounds for advancing an appeal in either
case. (9) In compliance with High v. State, 573 S.W.2d 807, 813 (Tex. Crim. App. 1978),
counsel has carefully discussed why, under controlling authority, there are no errors in the
trial court's judgments. In each case, appellant's counsel states that he has informed
appellant of her right to review the appellate record and to file a pro se brief. (10) No such brief
has been filed in either case.

Upon receiving a "frivolous appeal" brief, the appellate courts must conduct "a full
examination of all the proceedings to decide whether the case is wholly frivolous." (11) We
have carefully reviewed the appellate record and counsel's brief in each case. We agree
with appellant's counsel that the appeals are wholly frivolous and without merit. (12) 
Accordingly, we affirm the judgments of the trial court in cause numbers 13-06-051-CR
and13-06-045-CR. 

Motion to Withdraw


In accordance with Anders, counsel has asked permission to withdraw as counsel
for appellant in each case. (13) An appellate court may grant counsel's motion to withdraw
filed in connection with an Anders brief. (14) We grant counsel's motion to withdraw in both
cases.

We order counsel to advise appellant promptly of the disposition of both cases and
the availability of discretionary review. (15) 

 

 _______________________

 LINDA REYNA YAÑEZ,

 Justice




Do not publish. 

Tex. R. App. P. 47.2(b)


Memorandum opinion delivered and 

filed this the 24th day of August, 2006.
1. Appellate cause number 13-06-051-CR is trial court cause number 02-CR-896-A in the 107th District
Court of Cameron County, Texas.
2. See Tex. Pen. Code Ann. §§ 31.03(b)(1), 31.03(e)(4)(D) (Vernon Supp. 2005).
3. Appellant appeals her conviction for cocaine possession in appellate cause number 13-06-045-CR,
which is trial court cause number 05-CR-1647-A in the 107th District Court of Cameron County, Texas. 
4. Appellant's two-year sentence in appellate cause number 13-06-051 is to run concurrently with the
sentence imposed in appellate cause number 13-06-045-CR.
5. See Tex. Health & Safety Code Ann. § 481.115(a), (b) (Vernon 2003). 
6. See Tex. Pen. Code Ann. § 12.35 (Vernon 2003).
7. See Anders v. California, 386 U.S. 738, 744 (1967).
8. See id. 
9. See Stafford v. State, 813 S.W.2d 503, 510 n.3 (Tex. Crim. App. 1991) (en banc). 
10. See Sowels v. State, 45 S.W.3d 690, 693 (Tex. App.-Waco 2001, no pet.). 
11. Penson v. Ohio, 488 U.S. 75, 80 (1988); see Garza v. State, 126 S.W.3d 312, 313 (Tex.
App.-Corpus Christi 2004, no pet.). 
12. See Bledsoe v. State, 178 S.W.3d 824, 827-28 (Tex. Crim. App. 2005).
13. See Anders, 386 U.S. at 744.
14. Moore v. State, 466 S.W.2d 289, 291 n.1 (Tex. Crim. App. 1971); see Stafford, 813 S.W.2d at 511
(noting that Anders brief should be filed with request for withdrawal from case). 
15. See Ex Parte Wilson, 956 S.W.2d 25, 27 (Tex. Crim. App. 1997).