NUMBER 13-06-244-CR



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG 


 


FILOBERTO REZA, Appellant,


v.



THE STATE OF TEXAS, Appellee.

 


On appeal from the 24th District Court of DeWitt County, Texas.


 


MEMORANDUM OPINION



Before Justices Yañez, Rodriguez, and Garza


Memorandum Opinion by Justice Yañez


 

 Appellant, Filoberto Reza, pleaded guilty to the third-degree felony offense of
driving while intoxicated on May 27, 1999. (1) The trial court assessed punishment at
ten years' imprisonment and a $2,000.00 fine, suspended the sentence, and placed
appellant on community supervision for ten years. Thereafter, on September 29,
2005, the State filed a motion to revoke appellant's community supervision, alleging
appellant had violated several conditions of his community supervision. Following a
hearing, the trial court found the State's allegations "true," revoked appellant's
community supervision, and ordered imposition of the original sentence of ten years'
confinement and $2,000.00 fine. Appellant's counsel has filed a brief with this Court
asserting there is no basis for appeal. (2) We agree, and affirm the trial court's judgment.

Anders Brief

 Counsel's brief reveals that he has reviewed the clerk's record and reporter's
record in this case and has concluded that appellant's appeal is frivolous and without
merit. (3) The brief meets the requirements of Anders as it presents a professional
evaluation showing why there are no arguable grounds for advancing an appeal. (4) In
compliance with High v. State, 573 S.W.2d 807, 813 (Tex. Crim. App. 1978),
counsel has carefully discussed why, under controlling authority, there are no errors
in the trial court's judgment. In the brief, appellant's counsel states that he has
informed appellant of his right to review the appellate record and to file a pro se brief. (5) 
More than thirty days have passed; no such brief has been filed.

 Upon receiving a "frivolous appeal" brief, the appellate courts must conduct "a
full examination of all the proceedings to decide whether the case is wholly frivolous." (6) 
We have carefully reviewed the appellate record and counsel's brief. We agree with
appellant's counsel that the appeal is wholly frivolous and without merit. (7) 
Accordingly, we affirm the judgment of the trial court.

Motion to Withdraw


 In accordance with Anders, counsel has asked permission to withdraw as
counsel for appellant. (8) An appellate court may grant counsel's motion to withdraw
filed in connection with an Anders brief. (9) We grant counsel's motion to withdraw.

 We order counsel to advise appellant promptly of the disposition of this case
and the availability of discretionary review. (10) 



 

 LINDA REYNA YAÑEZ,

 Justice





Do not publish. Tex. R. App. P. 47.2(b).


Memorandum opinion delivered and filed 

this the 2nd day of August, 2007.
1. See Tex. Penal Code Ann. §§ 49.04 (Vernon 2003), 49.09(b) (Vernon Supp. 2006).
2. See Anders v. California, 386 U.S. 738, 744 (1967).
3. See id. 
4. See Stafford v. State, 813 S.W.2d 503, 510 n.3 (Tex. Crim. App. 1991) (en banc). 
5. See Sowels v. State, 45 S.W.3d 690, 693 (Tex. App.-Waco 2001, no pet.). 
6. Penson v. Ohio, 488 U.S. 75, 80 (1988); see Garza v. State, 126 S.W.3d 312, 313 (Tex.
App.-Corpus Christi 2004, no pet.). 
7. See Bledsoe v. State, 178 S.W.3d 824, 827-28 (Tex. Crim. App. 2005).
8. See Anders, 386 U.S. at 744.
9. Moore v. State, 466 S.W.2d 289, 291 n.1 (Tex. Crim. App. 1971); see Stafford, 813 S.W.2d at 511
(noting that Anders brief should be filed with request for withdrawal from case). 
10. See Ex parte Wilson, 956 S.W.2d 25, 27 (Tex. Crim. App. 1997) (en banc) (per curiam).