NUMBER 13-06-154-CR



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG 


 


SOSTENES PEREZ MORALES Appellant,


v.



THE STATE OF TEXAS, Appellee.

 


On appeal from the 389th District Court of Hidalgo County, Texas.


 


MEMORANDUM OPINION



Before Justices Yañez, Rodriguez, and Garza


Memorandum Opinion by Justice Yañez


 

 A jury found appellant, Sostenes Perez Morales, guilty of murder, sentenced him
to life imprisonment, and assessed a $10,000.00 fine. (1) Appellant's counsel has filed a brief
with this Court asserting there is no basis for appeal. (2) We agree, and affirm the trial court's
judgment.

Anders Brief

 Counsel's brief reveals that he has reviewed the clerk's record and reporter's record
in this case and has concluded that appellant's appeal presents no issues which warrant
appellate review. (3) The brief meets the requirements of Anders as it presents a
professional evaluation showing why there are no arguable grounds for advancing an
appeal. (4) In compliance with High v. State, 573 S.W.2d 807, 813 (Tex. Crim. App. 1978),
counsel has carefully discussed why, under controlling authority, there are no errors in the
trial court's judgment. In the brief, appellant's counsel states that he informed appellant
of his right to review the appellate record and to file a pro se brief. (5) 

 Appellant was provided a copy of the record and has submitted a pro se brief. In
it, he raised several issues, including (1) that his counsel failed to follow the procedural
requirements of Anders, (2) ineffective assistance of counsel, (3) the trial court erred in
failing to submit a charge on the lesser-included offense of criminally negligent homicide,
(4) that a portion of the reporter's record shows that some of the court reporter's notes are
illegible, (5) the trial court erred in admitting "gruesome" photographs of the deceased, (6)
the prosecutor improperly commented on appellant's "pre-arrest" silence, (7) prosecutorial
misconduct, and (8) the jury charge contained a "good conduct" instruction that was
"misleading." 

 Upon receiving a "frivolous appeal" brief, the appellate courts must conduct "a full
examination of all the proceedings to decide whether the case is wholly frivolous." (6) We
have carefully reviewed the appellate record, counsel's brief, and appellant's pro se brief. (7) 
We agree with appellant's counsel that the appeal is without merit. Accordingly, we affirm
the judgment of the trial court.

Motion to Withdraw


 In accordance with Anders, counsel has asked permission to withdraw as counsel
for appellant. (8) An appellate court may grant counsel's motion to withdraw filed in
connection with an Anders brief. (9) We grant counsel's motion to withdraw.

 We order counsel to advise appellant promptly of the disposition of this case and
the availability of discretionary review. (10) 

 

 LINDA REYNA YAÑEZ,

 Justice



Do not publish. Tex. R. App. P. 47.2(b).

Memorandum opinion delivered and filed 

this the 9th day of August, 2007. 
1. See Tex. Penal Code Ann. § 19.02(b)(1) (Vernon 2003).
2. See Anders v. California, 386 U.S. 738, 744 (1967).
3. See id. 
4. See Stafford v. State, 813 S.W.2d 503, 510 n.3 (Tex. Crim. App. 1991) (en banc). 
5. See Sowels v. State, 45 S.W.3d 690, 693 (Tex. App.-Waco 2001, no pet.). 
6. Penson v. Ohio, 488 U.S. 75, 80 (1988); see Garza v. State, 126 S.W.3d 312, 313 (Tex.
App.-Corpus Christi 2004, no pet.). 
7. See Bledsoe v. State, 178 S.W.3d 824, 827-28 (Tex. Crim. App. 2005) (noting that a court of
appeals is not required to address claims raised by appellant in a pro se response; rather, "[d]ue to the nature
of Anders briefs, by indicating in the opinion that it considered the issues raised in the briefs and reviewed the
record for reversible error but found none, the court of appeals met the requirements of Texas Rule of
Appellate Procedure 47.1.").
8. See Anders, 386 U.S. at 744.
9. Moore v. State, 466 S.W.2d 289, 291 n.1 (Tex. Crim. App. 1971); see Stafford, 813 S.W.2d at 511
(noting that Anders brief should be filed with request for withdrawal from case). 
10. See Ex parte Wilson, 956 S.W.2d 25, 27 (Tex. Crim. App. 1997) (en banc) (per curiam).