NUMBER 13-07-215-CR



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG 


 


DAVID BELFORD Appellant,


v.



THE STATE OF TEXAS, Appellee.

 


On appeal from the 319th District Court of Nueces County, Texas.


 


MEMORANDUM OPINION



Before Chief Justice Valdez and Justices Yañez and Benavides


Memorandum Opinion by Justice Yañez


 

 Pursuant to a plea agreement, appellant, David Belford, pleaded guilty to theft. (1) The
trial court deferred adjudication and placed appellant on community supervision for five
years. Less than a year later, at a hearing on the State's motion to revoke, appellant
pleaded "true" to each of the State's allegations that he had violated the terms of his
community supervision. The trial court revoked appellant's community supervision,
adjudicated him guilty, and assessed punishment at two years in a State Jail facility and
a fine of $1,500. Appellant's counsel has filed a brief with this Court asserting there is no
basis for appeal. (2) We agree and affirm the trial court's judgment.

Anders Brief

 Counsel's brief reveals that she has reviewed the clerk's record and reporter's
record in this case and has concluded that appellant's appeal presents no issues which
warrant appellate review. (3) The brief meets the requirements of Anders as it presents a
professional evaluation showing why there are no arguable grounds for advancing an
appeal. (4) In compliance with High v. State, 573 S.W.2d 807, 813 (Tex. Crim. App. 1978),
counsel has carefully discussed why, under controlling authority, there are no errors in the
trial court's judgment. Appellant's counsel states that she informed appellant of his right
to review the appellate record and to file a pro se brief. (5) More than thirty days have
passed, and no pro se brief has been filed. (6) 

 Upon receiving a "frivolous appeal" brief, the appellate courts must conduct "a full
examination of all the proceedings to decide whether the case is wholly frivolous." (7) We
have carefully reviewed the appellate record and counsel's brief. (8) We agree with
appellant's counsel that the appeal is without merit. (9) Accordingly, we affirm the judgment
of the trial court.

Motion to Withdraw


 In accordance with Anders, counsel has asked permission to withdraw as counsel
for appellant. (10) An appellate court may grant counsel's motion to withdraw filed in
connection with an Anders brief. (11) We grant counsel's motion to withdraw.

 We order counsel to advise appellant promptly of the disposition of this case and
the availability of discretionary review. (12) 

 

 
 LINDA REYNA YAÑEZ,

 Justice




Do not publish. Tex. R. App. P. 47.2(b).


Memorandum opinion delivered and filed 

this the 7th day of August, 2008. 
1. See Tex. Penal Code Ann. § 31.03 (Vernon Supp. 2007).
2. See Anders v. California, 386 U.S. 738, 744 (1967).
3. See id. 
4. See Stafford v. State, 813 S.W.2d 503, 510 n.3 (Tex. Crim. App. 1991) (en banc). 
5. See In re Schulman, 252 S.W.3d 403, 408 (Tex. Crim. App. 2008); Sowels v. State, 45 S.W.3d 690,
693 (Tex. App.-Waco 2001, no pet.). 
6. See Schulman, 252 S.W.3d at 409 (citing Johnson v. State, 885 S.W.2d 641, 647 n.3 (Tex.
App.-Waco 1994, pet. ref'd), modified by Wilson v. State, 955 S.W.2d 693 (Tex. App.-Waco 1997, no pet.)). 
7. Penson v. Ohio, 488 U.S. 75, 80 (1988); see Garza v. State, 126 S.W.3d 312, 313 (Tex.
App.-Corpus Christi 2004, no pet.). 
8. See Schulman, 252 S.W.3d at 409; Bledsoe v. State, 178 S.W.3d 824, 826-27 (Tex. Crim. App.
2005). 
9. See Bledsoe, 178 S.W.3d at 826-27. We also note that the hearing on the State's motion to revoke
was conducted prior to the June 15, 2007 effective date of the amendment to article 42.12, section 5(b) of the
Texas Code of Criminal Procedure, allowing an appeal from the determination to adjudicate. See Tex. Code
Crim. Proc. Ann. art. 42.12 § 5(b) (Vernon Supp. 2007). Therefore, former article 42.12, section 5(b) and its
prohibition concerning appeals from the determination to proceed with the adjudication of guilt apply. 
10. See Anders, 386 U.S. at 744.
11. Schulman, 252 S.W.3d at 409; see Stafford, 813 S.W.2d at 511 (noting that Anders brief should
be filed with request for withdrawal from case). 
12. Schulman, 252 S.W.3d at 408; see Ex parte Wilson, 956 S.W.2d 25, 27 (Tex. Crim. App. 1997) (en
banc) (per curiam).