NUMBER 13-07-662-CR



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG 


 


ANTHONY C. WINSTON, Appellant,


v.



THE STATE OF TEXAS, Appellee.

 


On appeal from the 36th District Court of Aransas County, Texas.


 


MEMORANDUM OPINION



Before Chief Justice Valdez and Justices Yañez and Benavides


Memorandum Opinion by Justice Yañez


 

 A jury found appellant, Anthony C. Winston, guilty of possession of a controlled
substance (cocaine). (1) The trial court assessed punishment at eight years' imprisonment
and a $500 fine, suspended the sentence, and placed appellant on community supervision
for five years. Prior to the expiration of the period of community supervision, at a hearing
on the State's motion to revoke, appellant pleaded "true" to each of the State's allegations
that he had violated the terms of his community supervision. The trial court revoked
appellant's community supervision and sentenced him to eight years' imprisonment. 
Appellant's counsel has filed a brief with this Court asserting there is no basis for appeal. (2) 
We agree and affirm the trial court's judgment.

Anders Brief

 Counsel's brief reveals that he has reviewed the clerk's record and reporter's record
in this case and has concluded that appellant's appeal presents no issues which warrant
appellate review. (3) The brief meets the requirements of Anders as it presents a
professional evaluation showing why there are no arguable grounds for advancing an
appeal. (4) In compliance with High v. State, (5) counsel has carefully discussed why, under
controlling authority, there are no errors in the trial court's judgment. Appellant's counsel
informed appellant of his right to review the appellate record and to file a pro se brief. (6) 
More than thirty days have passed, and no pro se brief has been filed. (7) 

 Upon receiving a "frivolous appeal" brief, the appellate courts must conduct "a full
examination of all the proceedings to decide whether the case is wholly frivolous." (8) We
have carefully reviewed the appellate record and counsel's brief. (9) We agree with
appellant's counsel that the appeal is without merit. (10) Accordingly, we affirm the judgment
of the trial court.

Motion to Withdraw


 In accordance with Anders, counsel has asked permission to withdraw as counsel
for appellant. (11) An appellate court may grant counsel's motion to withdraw filed in
connection with an Anders brief. (12) We grant counsel's motion to withdraw. (13)

 We order counsel to advise appellant promptly of the disposition of this case and
the availability of discretionary review. (14) 

 

 

 LINDA REYNA YAÑEZ,

 Justice





Do not publish. Tex. R. App. P. 47.2(b).


Memorandum opinion delivered and filed 

this the 14th day of August, 2008. 
1. See Tex. Health & Safety Code Ann. § 481.115(a), (d) (Vernon 2003). 
2. See Anders v. California, 386 U.S. 738, 744 (1967).
3. See id. 
4. See Stafford v. State, 813 S.W.2d 503, 510 n.3 (Tex. Crim. App. 1991) (en banc). 
5. See High v. State, 573 S.W.2d 807, 813 (Tex. Crim. App. 1978). 
6. See In re Schulman, 252 S.W.3d 403, 408 (Tex. Crim. App. 2008); Sowels v. State, 45 S.W.3d 690,
693 (Tex. App.-Waco 2001, no pet.). 
7. See Schulman, 252 S.W.3d at 409 (citing Johnson v. State, 885 S.W.2d 641, 647 n.3 (Tex.
App.-Waco 1994, pet. ref'd), modified by Wilson v. State, 955 S.W.2d 693 (Tex. App.-Waco 1997, no pet.)). 
8. Penson v. Ohio, 488 U.S. 75, 80 (1988); see Garza v. State, 126 S.W.3d 312, 313 (Tex.
App.-Corpus Christi 2004, no pet.). 
9. See Schulman, 252 S.W.3d at 409; Bledsoe v. State, 178 S.W.3d 824, 826-27 (Tex. Crim. App.
2005). 
10. See Bledsoe, 178 S.W.3d at 826-27. 
11. See Anders, 386 U.S. at 744. 
12. Schulman, 252 S.W.3d at 409; see Stafford, 813 S.W.2d at 511 (noting that Anders brief should
be filed with request for withdrawal from case). 
13. See Schulman, 252 S.W.3d at 406 (noting when counsel finds a case to be wholly frivolous, he is
required to file a motion to withdraw at same time that he files an Anders brief). 
14. Schulman, 252 S.W.3d at 408; see Ex parte Wilson, 956 S.W.2d 25, 27 (Tex. Crim. App. 1997) (en
banc) (per curiam).