NUMBER 13-06-00359-CR



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG 


 

 

WALLACE RAY CHILDS, JR., Appellant,


v.



THE STATE OF TEXAS, Appellee.

 


On appeal from the 24th District Court


of Jackson County, Texas.


 


MEMORANDUM OPINION



Before Chief Justice Valdez and Justices Yañez and Benavides


Memorandum Opinion by Chief Justice Valdez
 

 Appellant, Wallace Ray Childs, Jr., appeals revocation of his community
supervision. On February 28, 1989, Childs pleaded guilty to the offense of burglary of a
habitation. See Tex. Penal Code Ann § 30.02 (Vernon 2003). The trial court assessed
punishment at ten years' confinement, suspended imposition of the sentence, and placed
Childs on community supervision for ten years. On December 13, 1991, the State filed a
motion to revoke. A second "amended" motion to revoke was filed on January 28, 1999. 
Following an evidentiary hearing, the trial court revoked Childs community supervision and
sentenced him to ten years' confinement in the Institutional Division of the Texas
Department of Criminal Justice. Appellant's counsel has filed a brief with this Court
asserting there is no basis for appeal. See Anders v. California, 386 U.S. 738, 744 (1967). 
We agree and affirm the trial court's judgment. 

Anders Brief

 Counsel's brief reveals that he has reviewed the clerk's record and reporter's record
in this case and has concluded that appellant's appeal presents no issues which warrant
appellate review. See id. The brief meets the requirements of Anders, as it presents a
professional evaluation showing why there are no arguable grounds for advancing an
appeal. See Stafford v. State, 813 S.W.2d 503, 510 n.3 (Tex. Crim. App. 1991) (en banc). 
In compliance with High v. State, 573 S.W.2d 807, 813 (Tex. Crim. App. 1978), counsel
has carefully discussed why, under controlling authority, there are no errors in the trial
court's judgment. Appellant's counsel informed appellant of his right to review the
appellate record and to file a pro se brief. See In re Schulman, 252 S.W.3d 403, 408 (Tex.
Crim. App. 2008); Sowels v. State, 45 S.W.3d 690, 693 (Tex. App.-Waco 2001, no pet.). 
More than thirty days have passed, and no pro se brief has been filed. See Schulman, 252
S.W.3d at 409 (citing Johnson v. State, 885 S.W.2d 641, 647 n.3 (Tex. App.-Waco1994,
pet. ref'd), modified by Wilson v. State, 955 S.W.2d 693 (Tex. App.-Waco 1997, no pet.)). 
 Upon receiving a "frivolous appeal" brief, the appellate courts must conduct "a full
examination of all the proceedings to decide whether the case is wholly frivolous. Penson
v. Ohio, 488 U.S. 75, 80 (1988); see Garza v. State, 126 S.W.3d 312, 313 (Tex.
App.-Corpus Christi 2004, no pet.). We have carefully reviewed the appellate record and
counsel's brief. See Schulman, 252 S.W.3d at 409; Bledsoe v. State, 178 S.W.3d 824,
826-27 (Tex. Crim. App. 2005). We agree with appellant's counsel that the appeal is
without merit. See Bledsoe, 178 S.W.3d at 827. 

Motion to Withdraw

 In accordance with Anders, counsel has asked permission to withdraw as counsel
for appellant. See Anders, 386 U.S. at 744. An appellate court may grant counsel's
motion to withdraw filed in connection with an Anders brief. Schulman, 252 S.W.3d at 409;
see Stafford, 813 S.W.2d at 511 (noting that Anders brief should be filed with request for
withdrawal from case). Accordingly, we grant counsel's motion to withdraw. 

 We order counsel to advise appellant promptly of the disposition of this case and
the availability of discretionary review. Schulman, 252 S.W.3d at 408; see Ex parte Wilson,
956 S.W.2d 25, 27 (Tex. Crim. App. 1997) (en banc) (per curiam). 

 

 

 ROGELIO VALDEZ

 Chief Justice


Do not publish. 

Tex. R. App. P. 47.2(b).

Memorandum Opinion delivered and 

filed this the 25th day of August, 2008.