

**NUMBER 13-06-00359-CR**

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

---

**WALLACE RAY CHILDS, JR.,**                                    **Appellant,**

**v.**

**THE STATE OF TEXAS,**                                    **Appellee.**

---

**On appeal from the 24th District Court
of Jackson County, Texas.**

---

# MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Yañez and Benavides
Memorandum Opinion by Chief Justice Valdez**

Appellant, Wallace Ray Childs, Jr., appeals revocation of his community supervision. On February 28, 1989, Childs pleaded guilty to the offense of burglary of a habitation. *See* TEX. PENAL CODE ANN § 30.02 (Vernon 2003). The trial court assessed punishment at ten years' confinement, suspended imposition of the sentence, and placed

Childs on community supervision for ten years. On December 13, 1991, the State filed a motion to revoke. A second "amended" motion to revoke was filed on January 28, 1999. Following an evidentiary hearing, the trial court revoked Childs community supervision and sentenced him to ten years' confinement in the Institutional Division of the Texas Department of Criminal Justice. Appellant's counsel has filed a brief with this Court asserting there is no basis for appeal. *See Anders v. California*, 386 U.S. 738, 744 (1967). We agree and affirm the trial court's judgment.

### *Anders* Brief

Counsel's brief reveals that he has reviewed the clerk's record and reporter's record in this case and has concluded that appellant's appeal presents no issues which warrant appellate review. *See id.* The brief meets the requirements of *Anders*, as it presents a professional evaluation showing why there are no arguable grounds for advancing an appeal. *See Stafford v. State*, 813 S.W.2d 503, 510 n.3 (Tex. Crim. App. 1991) (en banc). In compliance with *High v. State*, 573 S.W.2d 807, 813 (Tex. Crim. App. 1978), counsel has carefully discussed why, under controlling authority, there are no errors in the trial court's judgment. Appellant's counsel informed appellant of his right to review the appellate record and to file a *pro se* brief. *See In re Schulman*, 252 S.W.3d 403, 408 (Tex. Crim. App. 2008); *Sowels v. State*, 45 S.W.3d 690, 693 (Tex. App.–Waco 2001, no pet.). More than thirty days have passed, and no *pro se* brief has been filed. *See Schulman*, 252 S.W.3d at 409 (citing *Johnson v. State*, 885 S.W.2d 641, 647 n.3 (Tex. App.–Waco1994, pet. ref'd), *modified by Wilson v. State*, 955 S.W.2d 693 (Tex. App.–Waco 1997, no pet.)).

Upon receiving a "frivolous appeal" brief, the appellate courts must conduct "a full examination of all the proceedings to decide whether the case is wholly frivolous. *Penson*

2

*v. Ohio*, 488 U.S. 75, 80 (1988); *see Garza v. State*, 126 S.W.3d 312, 313 (Tex. App.–Corpus Christi 2004, no pet.). We have carefully reviewed the appellate record and counsel's brief. *See Schulman*, 252 S.W.3d at 409; *Bledsoe v. State*, 178 S.W.3d 824, 826-27 (Tex. Crim. App. 2005). We agree with appellant's counsel that the appeal is without merit. *See Bledsoe*, 178 S.W.3d at 827.

### Motion to Withdraw

In accordance with *Anders*, counsel has asked permission to withdraw as counsel for appellant. *See Anders*, 386 U.S. at 744. An appellate court may grant counsel's motion to withdraw filed in connection with an *Anders* brief. *Schulman*, 252 S.W.3d at 409; *see Stafford*, 813 S.W.2d at 511 (noting that *Anders* brief should be filed with request for withdrawal from case). Accordingly, we grant counsel's motion to withdraw.

We order counsel to advise appellant promptly of the disposition of this case and the availability of discretionary review. *Schulman*, 252 S.W.3d at 408; *see Ex parte Wilson*, 956 S.W.2d 25, 27 (Tex. Crim. App. 1997) (en banc) (per curiam).

ROGELIO VALDEZ
Chief Justice

Do not publish.
TEX. R. APP. P. 47.2(b).
Memorandum Opinion delivered and
filed this the 25th day of August, 2008.